HENDERSON, by his guardian, vs. McGREGOR and another.

*Mental Incapacity — When ground for setting aside contract.*

1. Mere weakness of understanding or liability to be sometimes deceived and duped, will not, in general, be sufficient ground for the interference of equity to set aside a man's contracts, but the imbecility must be such as renders him, in a legal sense, *non compos mentis.*
2. Upon the evidence in this case, a judgment setting aside the plaintiff's deed on the ground of his mental incapacity, is affirmed.

APPEAL from the Circuit Court for *Dane* County.

Action by *Henderson,* by his guardian, to set aside an assignment of lease and a conveyance of certain real estate by plaintiff to defendants, on the ground of mental incapacity on the part of *Henderson* at the time of executing the conveyance and assigning the lease, and fraudulent conduct on the part of defendants. The court found as a fact that the plaintiff, *Henderson,* was not in all respects of unsound mind; that he was possessed of conscience, and, in some particulars, of a clearly defined perception of right and wrong; that he had memory

and would accurately recount past events, not omitting the most trifling details; that he had but little understanding and was utterly unqualified for the transaction of business, and that in business transactions he was as helpless as a child in the hands of others; that defendants obtained his confidence in an unusual degree and induced him to convey the property in question to them for an inadequate consideration, they pretending to secure him by a mortgage which they afterwards induced him to cancel of record. As conclusions of law the court found that the conveyance was obtained through fraud and was therefore null and void, and that plaintiff was entitled to have the same set aside and canceled, as well as the assignment of the lease, and that defendants should reconvey the premises to plaintiff free from incumbrance. Judgment in accordance with the findings from which defendant appealed.

*Welch & Botkin,* (with *Smith & Lamb,* of counsel), for appellant, argued that mere mental weakness would not authorize a court of equity to set aside an executed contract, unless such weakness amounted to an inability to comprehend the contract, and that weakness of intellect need not necessarily incapacitate a person from executing a deed. *Miller v. Craig,* 36 Ill., 109; *Dennett v. Dennett,* 44 N. H., 538; *Maddox v. Simmons,* 31 Geo., 512; *Somers v. Pumphrey,* 24 Ind., 231.

*Wm. F. Vilas, contra,* contended that a court of equity would prevent any surreptitious advantage being taken of the weakness or necessity of a person, and would put its strong hand on such transactions, and while courts of law might require plenary proof, equity readily presumed it from the circumstances of the bargain and the condition of the parties, citing Story's Eq. sections 190, 227, 234–238; *Bennet v. Vade,* 2 Atk., 324; *McDiarmid v. McDiarmid,* 3 Bligh, N. S., 373; *Hall v. Perkins,* 3 Wend., 626; *Whelan v. Whelan,* 3 Cow., 537; *Somes v. Skinner,* 16 Mass., 348; *Taylor v. Obee,* 3 Price, 83; *Gibson v. Joyes,* 6 Ves., 266; *Griffiths v. Robbins,* 3 Madd., 105;

*Blackford v. Christian*, 1 Knapp's Eq., 73; *Fonblanque's Eq.*, 126 *et seq.* ; *McCormick v. Malin*, 5 Blackf., 509.

DIXON, C. J.   Joseph Henderson, the plaintiff, who sues by his legally appointed guardian, Andrew Henderson, whilst in some particulars a person of extraordinary memory and possibly of sound judgment, is undoubtedly a person of very weak will and easily bent to the purposes of others, especially those who have acquired his confidence and regard.   In some respects he seems to have the strength and ability of a man of sound sense, whilst in others he has all the weakness and puerility of a mere child.   He may, perhaps, understand and appreciate the value of property, but it can hardly be said that he knows how to acquire it.   His great weakness appears to be an almost total lack of determination or will, and of power to resist the commands or entreaties of others who have acquired an influence over him ; and the question of fact in the case seems to be whether this is such as to amount to imbecility or to render him *non compos mentis* in transactions of the kind set out in the pleadings, so that a court of equity will interfere to rescind them if they appear, in any manner inequitable or unfair towards him.   Mere weakness of understanding or the liability to be sometimes deceived and duped will not in general suffice for this purpose, but it must be such as to render the party in a legal sense *non compos*.   It is the opinion of this court that the evidence is such as to sustain the conclusions of fact arrived at by the court below, and as to the principles of law involved they were so fully discussed in a recent case before this court, that it is unnecessary to do more than to refer to that opinion.   *Encking v. Simmons*, 28 Wis.

*By the Court.* — Judgment affirmed.