DAVID S. SHOULTERS v. DAVID ALLEN, IMPLEADED WITH
JAMES INGALLS.

| 51 | 529 |
| 122 | 540 |

*Incompetency of signer of note.*

One who in good faith takes a note signed by a person of whose incompetency to do business he has no notice, and in a transaction which is not likely to call his attention to it, can recover on the note.

A showing of business incapacity which consists of evidence of inability to learn to read beyond the alphabet, or to count more than twenty, and of a preference for large coins over small ones, regardless of value, is largely counterbalanced by proof of industrious habits, moral living, exercise of the franchise, and the occasional transaction of business in buying, selling, and giving security.

Where a man, who agreed to furnish a team for farm use, signed a note given for a horse, and afterwards, in a suit thereon, defended on the ground that he was incompetent to make the note, it was *held* that the question whether the purchase was necessary for his use did not arise where the horse was bought for farm use, and was actually taken on the farm and used.

Error to Genesee.  (Newton, J.)   Oct. 5.—Oct. 17.

ASSUMPSIT.   Defendant brings error.   Affirmed.

*Long & Gold* for appellant.

*George M. Walker* and *Howard & Thayer* for appellee. If one is so imbecile as to be incapable of understanding what he is contracting for, but receives benefit from the contract, he will be liable upon it if the other party acted in good faith, having no knowledge of his condition and taking no advantage of him : 2 Kent's Com. 451; *Mutual Life Ins. Co. v. Hunt* 79 N. Y. 541; *Riggs v. American Tract Society* 84 N. Y. 330 ; *Loomis v. Spencer* 2 Paige 153 ; *Wilder v. Weakley* 34 Ind. 181; *Lancaster County Bk. v. Moore* 78 Penn. St. 407 ; *State Bank v. McCoy* 69 Id. 204 ; *Eaton v. Eaton* 8 Vroom 108; *Matter of Beckwith* 3 Hun 443 ; *Behrens v. McKenzie* 23 Iowa 333 ; if a bona fide contract is made with a lunatic who is apparently sane, it

cannot be rescinded by him or his representatives unless the parties can be placed in statu quo : *Dane v. Kirkwall* 8 C. & P. 679 ; *Molton v. Camroux* 2 Exch. 487 : 4 Exch. 17 ; *La Rue v. Gilkyson* 4 Penn. St. 375 ; *Scanlan v. Cobb* 85 Ill. 296.

COOLEY, J.   This action is upon a promissory note given by defendant Ingalls on the purchase of a horse, and signed by Allen as joint maker.   Defense is made for Allen ; the ground being that when he signed the note he was an imbecile, and had been from his infancy.

It appears that the note was given on a purchase of the horse by Ingalls of the plaintiff.   Ingalls at the time was working a farm of fifty-eight acres owned by Brown, and Brown was with him when the purchase was made and the note given.   The horse was purchased for use on the farm, and was taken upon it and used.   It is not claimed that there was any fraud in the sale, or that the price was unreasonable.   Plaintiff sold it in good faith, without any knowledge or notice of deficiency in intellect on the part of Allen, and nothing appears to have occurred at the time of the sale to put him on his guard.

The showing of mental incompetency on the part of the defense is apparently very strong.   Witnesses testify that Allen attended school, but could not get beyond learning the alphabet.   He could not count, some say five, others say twenty.   He knew nothing of the value of money, and would take a silver piece in preference to one of gold if it were larger.   He would eat whatever was put upon his plate, be it much or little.   Whoever was confided in by him could do what he pleased with him, and he had no capacity whatever of self-protection against overreaching.

On the other hand, it was shown, mainly by defendant's witnesses, that he was industrious and had cleared up his farm by his own labor and by exchanging with others, and that until after this note was given no guardian had been appointed for him.   His neighbors dealt with him in a small way, apparently without any sense of wrong.   George E. Taylor, one of defendant's witnesses, had dealt with him

on fifteen or twenty occasions, and once, as agent for another person, had loaned him money and taken a mortgage for it. Ira Potter had bought timber of him. William E. Brown had traded oxen with him, agreeing upon the boot to be paid. David Richards had not only bought wood of him, but had performed the marriage ceremony for him, and Allen appears to be now living without, so far as we are informed, any reproach in the relations then established. Surely this evidence goes very far to overthrow the apparent case made for the plaintiff. It was also shown that Allen was registered as a voter and voted without objection.

It is not necessary, however, to find that Allen, when the note was given, had capacity sufficient for the transaction of ordinary business; it is enough to sustain the note that plaintiff dealt with him in good faith, and without notice of want of capacity in a transaction not calculated to put him on his guard. *Nace v. Boyer* 30 Penn. St. 99; *National Bank v. Moore* 78 Penn. St. 407; *Mutual Life Ins. Co. v. Hunt* 79 N. Y. 541; *Wilder v. Weakley* 34 Ind. 181; *Henderson v. McGregor* 30 Wis. 78; *Yauger v. Skinner* 1 McCarter 389; *Young v. Stevens* 48 N. H. 133.

It was contended for defendant that in order to entitle plaintiff to recover he should make it appear that the purchase was necessary for the defendant's use; but the judge ruled otherwise. But as it appears without contradiction that the horse was bought for the use of the farm, and was taken there and used, we do not think this question arises. Allen, according to the evidence, was to furnish a team for the farm; and though Ingalls subsequently took the horse and traded it off, we do not know that it was not in pursuance of some subsequent arrangement.

Complaint is made of some rulings on the admission of evidence, but we discover no clear error, and think the judgment should be affirmed with costs.

The other Justices concurred.