1832.

In the matter of Heller.

---

. In the matter of HELLER, an idiot.

If a person has either a legal or equitable claim against the estate of an idiot, lunatic, or habitual drunkard, in the hands of a committee appointed by the court of chancery, which such committee refuses to pay, he must apply to this court by petition, for payment of his demand; and he will not be permitted to obtain payment by means of a suit at law, unless such suit is brought with the sanction of this court.

When a party proceeds at law against the lunatic, after the appointment of a committee by this court, he will, upon a proper application by the committee, be restrained from such proceeding.

If the property of a lunatic is under the control of the court of chancery, in the hands of a committee, it is a contempt of the court for a plaintiff in a suit at law to interfere with the property, on a judgment and execution against the lunatic.

Debts contracted by a lunatic, or habitual drunkard, after the appointment of a committee, and without his consent, cannot be paid out of the estate, although established by a suit at law against the lunatic or drunkard.

1832.

In the matter of Heller.

If the committee of an habitual drunkard finds that any person is furnishing the drunkard with the means of intoxication, he should apply to the court for protection against such an interference with his duties as committee.

Where an idiot, who was under the care of a committee appointed by this court, pulled down a school house standing upon lands owned in common by him and the trustees of the school district, the court authorized an equitable partition of the land, so as to compensate the trustees for the share of the school house which belonged to them.

April 3. THIS was a petition on the part of the trustees of a school district to compromise a claim against an idiot for pulling down a school house; for which claim they had brought a suit against him at law. Jacob Heller, the elder, died about 30 years since, seised of a farm in the town of Bethlehem. By his will he gave to his son Baltus all his real and personal estate in fee; provided Jacob Heller, the brother of Baltus, had no child who should arrive at the age of twenty-one. But if he had such child or children, then the one half was to go to the first, or oldest son at twenty-one; and if there was no son, to the eldest daughter. In 1807, Baltus Heller and his brother Jacob conveyed 100 feet square out of the farm to certain individuals and their heirs and assigns, to be held in common with the grantors, for the purpose of erecting a school house thereon. The inhabitants of the district afterwards erected a school house on the lot, and occupied the same for their district school. Jacob Heller, the son, married and had issue, a son, who has been found an idiot, and had a committee appointed by this court. Partition was afterwards made of the farm, and one half thereof, including the school house lot, was assigned to Jacob Heller, the idiot, who had become entitled to the same, under the will of his grand father. About two years since, and after he was found an idiot, Jacob Heller pulled down the school house. The petitioners who had been appointed trustees of a school district at that place, under the general laws of the state, thereupon commenced a suit at law against the idiot, to recover damages for pulling down the house. Upon an application of the committee, this court authorized him to take the proper steps to defend that suit. The trustees having become satisfied they could obtain no relief in the suit at law, now offered to compromise the suit, and to release all claim to damages, and pay their own costs, upon

receiving a conveyance from the committee of a piece of the idiot's land, equal to one half of the school lot; and to convey their interest in the school lot to the idiot, either unconditionally, or upon receiving such compensation for the damages as this court might think proper to allow them out of the estate of the idiot. The committee of the idiot acquiesced in the justice of the present application; and submitted the rights of the idiot to the chancellor, that such order might be made in the premises as should be equitable and proper.

THE CHANCELLOR. Situated as the legal title to this property was at the time the school house was destroyed, it is doubtful whether an action at law could have been sustained against the person who did the injury. The legal title to one half of the lot was in Heller, under the will of his grand father, as soon as he attained the age of twenty-one. The deed of 1807, gave the grantees only one half of the property in fee, and the other half until the idiot arrived at the age of twenty-one. At that time he became entitled to one half of the land; and to one half of the school house which had been erected thereon during the continuance of the particular estate. Although he might not be liable in an action of trespass at law, yet if he had been of sane mind, he was equitably answerable for the one half of the building destroyed.

But if an action at law could be sustained, it would be worse than useless for the trustees to prosecute it under such circumstances. The statute has given to this court exclusive jurisdiction over the estates of idiots and lunatics; and over the estates of habitual drunkards, except in a few cases where a concurrent jurisdiction is given to the courts of common pleas. (2 R. S. 52, § 1, 3.) If any person has a legal or equitable claim against the estate which is under the care and management of the committee, who refuses to allow the same, he must apply to this court, by petition, to enforce his claim. And he will not be permitted to obtain payment by means of a suit at law, except where the suit is brought under the express direction or sanction of this court. Although the lunacy of the defendant may not always form a legal defence, this court, upon a proper ap-

plication by the committee, will restrain such a proceeding, and compel the plaintiff to come here for justice. (1 *Jac. & Walk. Rep.* 636, 643. 5 *Mad. Rep.* 406. 2 *Sch. & Lef.* 229. 1 *Hogan's Rep.* 98.) And even if a party succeeds in an action at law, it will be a contempt of this court for him to interfere with the property which is under its exclusive control. Although he may afterwards come here for the payment of his claim, he must again establish it in such manner as this court may think proper to prescribe. He must also give up his proceedings at law, and pay his own costs, before this court will interfere for his relief.

I have recently learned that many suits at law have been brought against idiots and drunkards, after the appointment of committees by this court ; and sometimes for debts contracted by them, against the consent of their committees, after their appointment. In every case of that kind it is the duty of the committee to apply to this court to restrain such proceedings. No debt contracted by the lunatic or drunkard, under such circumstances, can be paid out of the estate. And if paid by the committee without the sanction of this court, although after a recovery at law, he will not be allowed for it in the settlement of his accounts. In the case of an habitual drunkard, particularly, if the committee finds that any person is furnishing him with the means of intoxication, even gratuitously, he should apply to the court for an order restraining all persons from furnishing the drunkard with ardent spirits, or with the means of obtaining liquor, upon pain of contempt.

In this particular case it is understood the idiot is perfectly harmless and peaceable, except when he is under the influence of liquor ; but that, when intoxicated, he frequently destroys the property of others. I therefore shall direct an order to be entered restraining all persons from selling or furnishing him with any ardent spirits, or with the means of obtaining it, without the express sanction of the committee. And if any one, after notice of the order, shall be guilty of a violation thereof, he will be held responsible, not only for the contempt of the court, but for all the damage which may be done by the idiot to the property of individuals, while under the influence of the liquor thus furnished to him. The committee is

also directed to serve a copy of the order upon such retailers in his neighborhood as he may think proper, so that they may not hereafter plead ignorance thereof.

There is a legal difficulty in making the exchange of the school lot for one on a different part of the premises belonging to the idiot. This court has only power to order a sale of the idiot's estate for the payment of his debts, or for maintenance, &c. (*In Re Pettit,* 2 *Paige's Rep.* 596.) The statute, however, has authorized the court to direct a partition of property held in common with others, in the case of lunatics and idiots. In this case it is undoubtedly equitable that in making a partition of this school lot, between the idiot and the school district, the value of the school house, only half of which belonged to him, should be taken into account. It may, therefore, be referred to a master to enquire into the facts and circumstances of this case, and to report what part of the school lot mentioned in the deed of 1807, less than the whole, should be set off to the school district in making an equitable partition between it and the idiot; the trustees relinquishing all further claim upon the estate for damages, and discontinuing their suit at law. And upon the coming in of that report the court may authorize the committee to agree to the partition, and to execute a release of the right of the idiot in the part of the lot assigned to the school district. (a)

(a) As to the power of the court to protect its officers in the discharge of their duty, see *Ex parte Clark,* (1 *Russ. & Mylne,* 563.)