## SUPREME COURT.

### Soverhill agt. Dickson.

An action can not be brought against a *lunatic*, judicially declared such, without an application to the court.

The 134th section of the Code, 3d subdivision, provides for the service of a summons upon the committee and upon the defendant personally in such a case; but it is no authority upon the question of the creditor's right to commence an action.

The old practice should be pursued, by petition to the court for relief, or an application for leave to bring an action.

*Ontario Special Term, Feb.* 1850. The defendant in July 1848, was judicially declared a lunatic, and a committee of his person and estate duly appointed. The commission of lunacy continues in force. On the 13th November 1849, the plaintiff commenced this action without having obtained any leave of this court for that purpose. The action is for a money demand. The summons and complaint were served on the defendant and also on the committee in pursuance of subdivision 3 of § 134 of the Code of 1849.

Soverhill agt. Dickson.

A petition is now presented by the committee praying that the complaint be set aside, on the ground that the action was commenced without the leave of the court previously obtained, or that the plaintiff be restrained from proceeding with the action.

S. K. WILLIAMS, *for the Petitioner*.

JAMES SMITH, *for Plaintiff*.

WELLES, Justice.—By the practice of the late Court of Chancery, the proper course for a party who had a claim against a lunatic or his estate, after office found, was to apply to that court by petition for the payment of the debt or for leave to bring a suit for the purpose of establishing the claim. If the chancellor or vice chancellor by whom the committee was appointed, was satisfied that the debt was justly due, the committee would be ordered to pay it out of the estate; or, if the claim was doubtful, the court would either have it settled by a reference to a master, or give the claimant permission to establish his claim by a suit at law or a bill in equity, as might be proper, under the particular circumstances of the case (In the matter of Hopper, a lunatic, 5 *Paige*, 489). An action at law against the lunatic, commenced without the permission of the Court of Chancery, would be restrained, and the plaintiff compelled to come there for justice. (In the matter of Heller, an idiot, 3d *Paige*, 199). A judgment at law, in an action commenced without such leave, would be of no avail to the plaintiff (In the matter of Heller, *supra*; Robertson vs. Lain, 19 *W. R.* 649). But the court of law in which the action was brought would not inquire whether such leave had been obtained, but left the plaintiff to prosecute it at his peril (Robertson vs. Lain, *supra;* Clark vs. Dunham, 4 *Denio*, 262; Sternburgh vs. Schoolcraft, 4 *Barb. S. C. R.* 153).

The foregoing are authorities also to show that a creditor might not interfere with the person or estate of a lunatic, idiot or habitual drunkard, for the collection of his debt, after the committee was appointed, without first obtaining leave of the court making the appointment. Such interference would be deemed a contempt of court, and would be punished accordingly; the com-

mittee being regarded an officer of the court, charged with the care and custody of such person and estate, and entitled to the protection of the court.

I am not able to perceive that the new organization of the courts, or the new modes of proceeding therein, have essentially changed the law on the subject; all the reasons for the former practice continue. The 134th section of the Code directs who the summons shall be served upon in the several cases therein specified. The 3d subdivision of the section provides, where the action is against a person judicially declared to be of unsound mind, or incapable of conducting his own affairs in consequence of habitual drunkenness, and for whom a committee has been appointed, that the summons shall be delivered to such committee and the defendant personally. It has been supposed that this authorized the commencement of the action at once, and without first applying for leave to prosecute. But this can not be so. It only provides who the summons shall be served upon, where an action is to be commenced. It is no authority on the question of the creditor's right to bring an action, one way or the other; an action may be directed where, upon petition to the court by the creditor, to have the committee pay his demand, the justice of his claim is rendered doubtful; or, if the creditor chooses to bring an action without leave first obtained, as he may do, and still be strictly regular, provided no application is made to restrain him; in such cases he must serve the summons as directed by the above section of the Code. On the argument of the motion, the plaintiff's counsel requested to be permitted to proceed in his action in case the court should deem his proceedings unauthorized. This, however, can not be done. If the case had not been brought to the notice of the court, the plaintiff might have proceeded to judgment without interruption, perhaps; but then his judgment would have been no evidence of the lunatic's indebtedness on an application to the court, for payment out of the estate. The attention of the court is now directed to the case, and no excuse is shown why the lunatic is prosecuted. The court has taken charge of his person and estate, and placed them in the care and custody

of the committee, and is bound to protect him against unauthorized prosecutions. No injustice will be done the plaintiff. His course is to petition the court for relief, and if his claim is undisputed, the committee will be ordered to pay it. If disputed, so as to bring its justice seriously in question, a reference will be ordered, or the plaintiff be permitted to bring an action to determine its justice and extent.

The motion to restrain the plaintiff from proceeding further in the action is granted. But as there was some doubt whether the changed condition of the judiciary under the new constitution and subsequent legislation did not change the mode of proceeding in cases like the present, no costs are allowed to the petitioners as against the plaintiff.