Barbour, J.
As-between the plaintiff and the defendant Harrison, considering the latter as of sound mind and unembarrassed by the proceedings before the Supreme Court, the plaintiff, is* doubtless, entitled to the relief he asks for in his complaint. There is, certainly, no reason why a. judgment debtor should be permitted to receive and enjoy the rents of real estate, to the amount of thousands of dollars; after his legal estate in the premises has been divested by a sale on execution, to the exclusion of creditors whose judgments remain unsatisfied. But the question here is-, whether the defendant has such a standing- before the Court, or is so represented in this action by the guardian who has been appointed to defend his interests, as will authorize the pronouncing of a judgment against him.
Under the old system of jurisprudence in this State, it was well settled, that, upon and by the appointment of a committee, on the return of a commission de pnquvrendot all the estate of the lunatic dr habitual drunkard, together with the guardianship - of his person, became and was wholly vested in the Court making such appointment, and that the drunkard or lunatic was, thenceforth, incapable to make a valid contract, or to transact any business whatever; that no person other than the committee would' be allowed to meddle with the property without their consent, and that any one, even a Sheriff with an execution in his hands, would be punished for contempt if he interfered with it; that no suit in equity or action at law could be brought against the drunkard or lunatic subsequent to his being so declared, nor, except upon leave granted by the Court of Chancery on petition, against the committee; and that, where an action at law had been brought against a-lunatic before the report of the commissioners, but after the filing of the petition, such action would be stayed by injunction, if brought to the notice of- the Court of Chancery. (Matter of Heller, 3 Paige, 199; Matter of Hopper, : 5 Id.; 489.) Where, however; the progress of such action was not stopped by injunction, but the same proceeded *671 regularly to judgment, the judgment was held not to be irregular and void; although, as we have seen, the creditor would not be permitted to enforce it without leave of the Court, granted upon petition. (Id.; Robertson v. Lain, 19 Wend., 649; Clark v. Dunham, 4 Denio, 262; Brown v. Betts, 13 Wend., 29.)
Although many of the distinctions between suits in equity and actions at law are now abolished, those rules in regard to lunatics and habitual drunkards are still as operative and binding as when first promulgated, for the reasons upon which they were founded remain unchanged.. If* therefore, the action now under consideration was in the nature of an action at law under the former system, the plaintiff might, probably, be entitled to recover his judgment ; a judgment, to be sure, that he could not enforce by execution, but which would enable him to apply, by petition, to have it paid by the committee. The case in hand, however, is not an action at law, but is, entirely, a suit in equity by which it is sought to obtain the payment of the plaintiff’s judgment, through the equity powers of the Court, after its power as a law Court has become exhausted upon its final process of execution; and the judgment prayed for is, in few words, simply that a Receiver, to be appointed by this Court, shall take out of the hands of the committee, the property which has become vested in the Supreme Court, by the proceedings against the defendant as an habitual drunkard, and apply it to the payment of this claim.
I have no hesitation in deciding that this Court cannot, with propriety, render a final judgment in this action, as the matter now stands. If there was no other reason, the rules of comity, always observed toward each other by Courts of concurrent jurisdiction, would prevent the granting of a decree, as prayed for; while, on the other hand, it seems equally clear that the complaint should not be dismissed, but the plaintiff ought to be permitted to retain Ms suit, commenced* as it was, in good faith, so, that- he may proceed to judgment against the defendant, upon Ms. *672 reformation and the discharge of his committee, in case that event shall occur.
An order must, therefore, be entered, directing the Eeceiver, who has been appointed pendente lite, to pay into Court, to the credit of this action, all the moneys which shall have come to his hands, as Eeceiver herein, less his commissions; and that, upon such payment, the order appointing him be set aside and vacated; and also providing and directing that all further proceedings in this action be stayed, until the committee, so appointed by the Supreme Court, shall have been discharged, or until such further order of this Court, in the premises, as may be made, upon the motion of either party, on notice to the other.
Order accordingly.