The Mutual Life Insurance Company of New York, Respondent, v. Camilla Hunt, a lunatic, et al., Appellants.

79   541
128  321

*It seems,* that an obligation entered into by an insane person to repay money loaned, of which he had the benefit, is valid where the lender acted in good faith, without fraud or unfairness, and without knowledge of the insanity or notice or information calling for inquiry; and an action is maintainable thereon.

The fact that the borrower was subsequently, upon inquisition taken, declared to be insane, does not affect the right to recover.

(Submitted December 19, 1879; decided January 13, 1880.)

Appeal from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 14 Hun, 169.)

The nature of the action and the facts are set forth sufficiently in the opinion.

*Robert P. Harlow,* for appellants. The inquisition is *prima facie* proof of insanity during the period of time covered by it, and during every part of such period. (Greenleaf on Ev., vol. 1, § 556 [Redfield's 12th ed.]; *Van Dusen* v. *Sweet,* 51 N. Y., 381; *Hart* v. *Deamer,* 6 Wend., 497; *Hicks* v. *Marshall,* 8 Hun, 327.) It is presumptive proof against all persons, including those not parties or privies thereto. (*Wadsworth* v. *Sharpstein,* 8 N. Y., 392; *Goodell* v. *Harrington,* 3 T. & C., 345.) It threw the burden on the plaintiff to prove the sanity of the mortgagor. (*Goodell* v. *Harrington,* 3 T. & C., 345.) The plaintiff is bound to prove that the mortgagor was sane at the very time the mortgage was given. (*Jackson* v. *Van Dusen,* 5 J. R., 159; *Attorney-General* v. *Parnther,* 3 Bro. Ch. R. [Am. ed., 1844], 441, 443, 445; *White* v. *Wilson,* 13 Ves., 88; *Waring* v. *Waring,*

6 Moore [Privy Council], 341; S. C., 12 Jurist, 947; *Hall* v. *Warren*, 9 Ves. Jr., 611; 1 Story's Eq. Jurisp. [12th ed.], 219, § 222; *Haviland* v. *Hayes*, 37 N. Y., 33; *Sheldon* v. *Hudson R. R. Co.*, 29 Barb., 226.) The burden is on the plaintiff to show that the corpus of the lunatic's estate was swelled by the loan. (*Lincoln* v. *Buckmaster*, 32 Vt., 652.) In dealing with any person it is the duty of both contracting parties to use care. They deal at their peril. (*Wadsworth* v. *Sharpstein*, 8 N. Y., 393; *Seaver* v. *Phelps*, 11 Pick., 304.) The plaintiff could not, by paying a judgment against Miss Hunt, or by paying taxes on her property, without her request or a subsequent promise to repay, constitute themselves in any sense her creditors. (*Beach* v. *Vandenburg*, 10 J. R., 361; *Wallkill* v. *Overseers of Mamakating*, 14 id., 87; 2 R. S. [Banks' 6th ed.], 1094, § 17.) The mortgage was wholly void under the Revised Statutes. (2 R. S. [Bank's 6th ed.], 1094, § 17; *Ingraham* v. *Baldwin*, 9 N. Y., 45; *Van Dusen* v. *Sweet*, 51 id., 381; *Dexter* v. *Hall*, 15 Wall., 9.) Even if the mortgage is only voidable, no action is necessary to avoid it. (Story's Eq. Jur., vol. 1, p. 224, § 329, and citing *Jacobs* v. *Richards*, 5 De G. M. & G., 55.) Even if an action is brought, it is not necessary, in order to maintain it, to tender, or pay back, the consideration. (*Gibson* v. *Loper*, 6 Gray, 279.)

*Winchester Britton*, for respondent. The finding of the justice at Special Term, that the lunatic was of sound mind when the loan was made, has abundant evidence to support it, and is conclusive on this appeal. (*Verplanck, Rec'r* v. *Member N. Y. Ct. of Appeals*, 7 N. Y. Weekly Digest, 397; *Paine, Rec'r* v. *Jones, N. Y. Court of Appeals*, 8 N. Y. Weekly Digest, 14.) An executed contract made with a lunatic, in good faith, for a full consideration, without advantage taken of the lunatic, without knowledge of the insanity, and without such information as would lead a prudent person to a belief of the incapacity, and when

there had been no finding of insanity by a commission *de lunatico inquirendo*, will be enforced as against the lunatic. (*Lincoln* v. *Buckmaster*, 32 Vermont, 52; *In the Matter of Beckwith*, 3 Hun, 443; 2 Kent's Commentaries, 51, note; *Matthiesson* v. *McMahon*, 38 N. J. L., 536; *Beaven* v. *Mc-Donald*, 9 Exch., 309; 23 L. J. Exch., 94; 2 C. L. R., 474; *Sims* v. *McLure*, 8 Richardson Eq., 286; *Dane* v. *Kirkwell*, 8 Car. & Payne, 679; *Lancaster Co. Bank* v. *Moore*, 78 Penn. [5 St.], 407; 21 Am. R., 24; *Beals* v. *See*, 10 Barr., 56; Addison on Contracts [6th ed.], 1033–4; Ordronaux on Insanity, pp. 300, 301, 303 and 304; *Canfield* v. *Fairbanks*, 63 Barb., 461; *Brown* v. *Joddrell*, 3 Car. & Payne, 30; *Bagster* v. *Portsmouth*, 5 B. & C., 170; *Elliott* v. *Ince*, 7 De G. M. and G., 475; *Alcock* v. *Alcock*, 3 M. & G., 268; *Tarbuck* v. *Bispham*, 2 Mees & W., 2; *Frost* v. *Bevan*, 22 L. J. Ch., 638; *Young* v. *Stevens*, 48 N. H., 133; *Molton* v. *Camroux*, 2 Exch., 501; *In re Beals*, 10 Barb., 56; *Lincoln* v. *Buckmaster*, 33 Vt. R., 652; *Molton* v. *Camroux*, 2 Exch., 501; *Wilder* v. *Weakley*, 34 Ind., 181; *Brown* v. *Joddrell*, 3 C. & P., 30; *Neill* v. *Morley*, 9 Vesey, 478; *Younger* v. *Skinner*, 1 McCarter, 389; *Menkins* v. *Lightner*, 18 Ill., 282; *Elliott* v. *Ince*, 7 De G. M. & G., 475; *Molton* v. *Camroux*, 2 Exch., 501; *Wilder* v. *Weakley*, 34 Ind., 181; *Voorhees* v. *Spencer*, 2 Paige Ch., 153.) When the contract is void because of insanity, it is only when one has wholly lost his understanding — is absolutely *non compos mentis*. (*Osterhout* v. *Shoemaker*, 3 Denio, 37, note; 14 Barb., 494; Willard's Eq. Juris., 675; *Blanchard* v. *Nestle*, 3 Denio, 37; *Neill* v. *Morley*, 9 Vesey, 478; *Lancaster Co. Bk.* v. *Moore*, 78 Pa. St., 40; 21 Am. R., 24; *Odell* v. *Buck*, 21 Wend., 142; *Van Deusen* v. *Sweet*, 57 N. Y. R., 379; *Sozear* v. *Shields*, 23 N. J. Eq., 509; *Hovey* v. *Hobson*, 53 Me., 256; *Miller* v. *Craig*, 36 Ill., 109; *Speers* v. *Sewell*, 4 Bush., 239; *Dennet* v. *Dennet*, 44 N. H., 531; *Rippy* v. *Gaunt*, 4 Fred., 443.) As to an obligation before inquest found, though the lunatic be found thereby to have been insane without lucid intervals, from

a period anterior to the obligation, the finding is presumptive evidence of insanity only, and that it is evidence at all is an exception to the rule, that persons not parties to the proceedings are not affected thereby, being *res inter alios acta*, the reason of the exception being the supposed publicity of the proceedings. (*Jackson* v. *King*, 4 Cow., 217; *Hart* v. *Deamer*, 6 Wend., 497; *Griswold* v. *Miller*, 15 Barb., 520; Willard's Eq. Juris., 199; *Hoyt* v. *Adee*, 3 Lansing, 173; *Faulder* v. *Silk*, 3 Camp., 126; *Banker* v. *Banker*, 63 N. Y. R., 409; *Goodell* v. *Harrington*, 3 N. Y. Supr. Ct. R., 345; *Neill* v. *Morley*, 9 Vesey, 478; *In re Palmer*, 4 How. Pr., 34; *Hutchinson* v. *Zandt*, 4 Rawle, 234; 2 Kent's Com., 450; *Dane* v. *Kirkwell*, 8 Car. & Payne, 679; *Pearl* v. *McDowall*, 3 J. J. Marsh, 658; *Jackson* v. *Gumaer*, 2 Cow., 552; *Dexter* v. *Hall*, 15 Wallace, 9; *Waite* v. *Maxwell*, 5 Pick., 217; *Rusk* v. *Tenton*, Kentucky Ct. of Appeals [Alb. Law J.], 340; *Banker* v. *Banker*, 63 N. Y., 413; *Van Deusen* v. *Sweet*, 51 N. Y. R., 378.

DANFORTH, J. The action is for the foreclosure of a bond and mortgage, dated April 23, 1870, and then executed by the defendant Hunt for the purpose of securing to the plaintiff the payment of $4,000, on the 1st of September, 1871. The complaint shows that interest was paid on the 1st of March, 1871, but default made in September following; that in December, 1871, the defendant Hunt was adjudged a lunatic, and Arnold H. Wagner appointed committee of her person and estate. He was made co-defendant with her; and in her behalf, and by way of defense alleges "that at the time of the execution of the bond and mortgage she was a lunatic, and incapable of making or executing them." The issue thus presented was tried before a careful and experienced judge at Special Term and he found as a fact: "That at the time of the execution and delivery of the bond and mortgage, the said Camilla Hunt was of sound mind, and was capable of making and executing said

bond and mortgage," and ordered judgment in accordance
with the prayer of the complaint. The finding is well war-
ranted by the evidence, and upon this ground alone, we should
be required to affirm the judgment.

But the learned court at General Term went beyond it,
and for the purposes of the appeal assumed, without deciding,
the contrary of the finding to be the truth, yet held, that as
the case presented a contract executed upon a valuable con-
sideration, of which the lunatic had the benefit, made by the
plaintiff " in good faith, without fraud or unfairness, without
knowledge of the insanity, and without notice or information
calling for enquiry," that the plaintiff was entitled to recover.
The correctness of this conclusion is strenuously assailed by
the learned counsel for the appellant, but both upon princi-
ple and authority we think it must be sustained. Upon
principle because the plaintiff's money was had by the
defendant, appropriated to her use, and thus tended to
increase the body of her estate, and although in some cases a
man may now, notwithstanding the old common law maxim
to the contrary (*Beverly's Case*, 2 Coke's R., 568, pt. 4,
123, *b*), "be admitted to stultify himself," yet he cannot do
so to the prejudice of others, for he would thus make his
own misfortune an excuse for fraud, and against that
the doctrine of the maxim stands unaffected by any excep-
tion. (1 Story's Eq. Jurs., § 226.) In this case the loan
was made in the ordinary course of business; it was a fair
and reasonable transaction; the defendant acted for herself,
but with the aid of an attorney; if mental unsoundness
existed, it was not known to the plaintiff, and the parties
cannot now be put *in statu quo*. The defendant was there-
fore properly held liable

Very much in point, and upon circumstances similar to
those above stated, was *Molton v. Camroux* (2 Exch.
[Welsby, H. & G.], 487), affirmed in error, 4 id., 17. Con-
cerning it, the chancellor in *Elliott* v. *Ince* (7 DeG., M. &
G. [56 Eng. Chy.], 487), says : " The principle of that case
was very sound, viz. : that an executed contract, when par-

ties have been dealing fairly, and in ignorance of the lunacy, shall not afterwards be set aside; that was a decision of necessity, and a contrary doctrine would render all ordinary dealings between man and man unsafe." And so it has been held, and like contracts enforced upon the same principle, in repeated instances, in the courts of this and other States. (*Loomis* v. *Spencer*, 2 Paige, 153; *In the Matter of Beckwith*, 3 Hun, 443; *Canfield* v. *Fairbanks*, 63 Barb. 461; *Lancaster County Bank* v. *Moore*, 78 Penn. St., 407; *Wilder* v. *Weakley*, 34 Ind., 181; *Matthiessen & Co.* v. *McMahon*, 38 N. J. Law, 536; *Behrens* v. *McKenzie*, 23 Iowa, 333.) These cases stand on the maxim "that he who seeks equity, must do equity," and it is applicable to the case in hand; for the defendant seeks to deprive the plaintiff of its remedies to enforce the security while she retains the benefit of the contract. This is so plainly inequitable and unjust as to render a further discussion unnecessary. Nor does the fact that the borrower was subsequently upon inquisition taken, declared to be insane, alter the result. Such proceeding has no effect upon a contract made without notice, and on the faith of the presumption that the person contracted with was of competent understanding.

The judgment should be affirmed.

All concur.

Judgment affirmed.