Per Curiam* [after stating facts].
We think that the committee had the right to rely upon the defense set forth in the answer that no leave to sue had been granted ; and that in consequence of such defense the city court had no right to proceed in the action ; and that therefore, the order restraining the enforcement of the judgment was properly granted.
It has been, expressly held in a number of cases that the supreme court has authority to restrain the enforcement of asserted claims against a lunatic’s estate, and to compel the claimant to establish his demand as it may prescribe (In re Otis, 101 N. Y. 580 ; In re Beckwith, 87 Id. 503 ; Carter v. Beckwith, 128 Id. 312-16; Code Civ. Pro. §§ 2320, 2321, 2322, 2339).
The court, having the power, was justified under the facts shown in making the order appealed from, and It should be affirmed, with $10 costs and disbursements.
With respect to the second order appealed from, denying the application for leave to sue the committee *249 .nunc pro tunc, this also, we think, should be affirmed. Upon the facts appearing, the learned court very properly said that the proper procedure in a case of this kind would be to institute an independent action by leave of the court against the lunatic and against the committee, apd the whole merits of Rosenbaum’s case might be determined in such an action. This course can result in no injustice to Rosenbaum; he having proceeded in the action against the lunatic without the permission of the court, which was essential to its maintenance, should now be required .to do what was necessary to enforce his claim against the lunatic.
We think, therefore, that this order also should be -affirmed, with $iq costs and disbursements.

 Present: Van Brunt, P. J., O’Brien and Ingraham, JJ.