LEWIS, BRADLEY and HAIGHT, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.

---

In the Matter of the Petition of JAMES C. WING and Others, Respondents, to Compel the Payment of a Judgment by EDWIN A. DOTY, as Committee of WILLIAM H. CAMPBELL, a Lunatic, Appellant.

*Distribution of a lunatic's estate — when the issuance of an execution does not create a lien on the lunatic's personal property — exclusive jurisdiction of the Supreme or of the County Court — an objection to jurisdiction first taken on appeal.*

The provision of section 2321 of the Code of Civil Procedure, to the effect that the court must provide for the payment of the debts of a lunatic out of the proceeds of his property, covers all his debts so far as his property will go, and necessitates a *pro rata* distribution in case his property is not sufficient to pay his debts in full, the case of a general or a specific lien being the only exception to this rule.

The provision of section 2719 of the Code of Civil Procedure, which gives preference to judgments in the order of their docketing in the distribution of the estates of deceased persons, affords no rule for any other case than that specified therein, and cannot be applied by analogy to estates of lunatics.

If the person recovering a judgment against a lunatic fails to issue an execution thereon until after the personal property of the lunatic has come into the hands of his committee, no lien is acquired upon the personal property of the lunatic by then issuing an execution under the judgment, and the judgment creditor is entitled to no preference in the distribution of the lunatic's estate.

Where the original proceedings for the appointment of a committee of a lunatic were taken in a County Court, and an inquisition was had therein, and a committee of the lunatic was appointed by that court, the jurisdiction of the County

Court becomes, under the provisions of section 2320 of the Code of Civil Procedure, exclusive of the Supreme Court, and the effect is to exclude the Supreme Court from jurisdiction of any matter relating to the payment of the debts of the lunatic.

An objection of want of jurisdiction in the Supreme Court to make an order directing the committee of a lunatic to pay a judgment, by reason of the appointment of the committee of the lunatic by the County Court, may be taken for the first time upon an appeal from the order of the Supreme Court directing the payment of such judgment.

APPEAL by Edwin A. Doty, as committee of William H. Campbell, a lunatic, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Niagara on the 13th day of June, 1894, compelling the payment by the appellant of the amount of the petitioners' judgment against William H. Campbell.

*D. E. Brong*, for the committee, appellant.

*E. C. Hart*, for the petitioners, respondents.

DWIGHT, P. J. :

The petitioners having failed to issue execution on their judgment until after the personal property had come into the hands of the committee, acquire no lien thereon, and, so far as we understand, are entitled to no preference in the distribution of that estate. The statutory prescription in this respect is that the court must provide for the payment of the debts of the lunatic out of the proceeds of his property. (Code Civ. Proc. § 2321.) This, of course, means all of his debts so far as his property will go, and necessitates a *pro rata* distribution in case the property is not sufficient to pay the debts in full, the case of a general or specific lien being, as we conceive, the only exception to this rule. (*Matter of Otis*, 101 N. Y. 583.) The statute which gives preference to judgments in the order of their docketing, in the distribution of the estates of deceased persons (Code Civ. Proc. § 2719), affords no rule for any other case than that specified therein ; it cannot be applied by analogy to the case of the estates of lunatics.

But there is another objection to the order appealed from which we suppose is insuperable, viz., that of want of jurisdiction in the court which made it. The petition shows that the original proceed-

ing for the appointment of a committee in this case was taken in the County Court of Niagara county, and inquisition was had therein, and the committee was appointed by the court last named. That court had jurisdiction concurrent with the Supreme Court to enter-tain the proceeding. (Code Civ. Proc. § 340, subd. 4.) But, by the provision of section 2320 of the same statute, the two courts having jurisdiction of those matters concurrent with each other, the jurisdiction of the court first exercising it became exclusive of that of the other "with respect to any matter within its jurisdiction for which provision is made" in the title in which that section occurs; and it is in the next section of the same title that provision is made for the payment of the debts of the lunatic. (§ 2321.)

The effect of the provision of section 2320 (*supra*) — the County Court having first exercised the jurisdiction therein mentioned — must, therefore, have been to exclude the Supreme Court from jurisdiction of any matter relating to the payment of the debts of the lunatic in this case; and that objection is one which may be taken for the first time on appeal.

On either of the grounds mentioned the order appealed from seems to have been erroneous and it must be reversed.

LEWIS and BRADLEY, JJ., concurred; HAIGHT, J., absent.

Order appealed from reversed and motion denied, with ten dollars costs and disbursements.

