EUGENE K. SMITH, Appellant, *v.* ALICE KETELTAS, Individually and as One of the Trustees, etc., of HENRY KETELTAS, Deceased, and Others, Defendants.

ALICE KETELTAS, as Committee of the Persons and Estates of the Defendants PHILIP D. KETELTAS and JOHN GARDNER KETELTAS, Respondent.

*Action against an "incompetent" defendant — the committee cannot be served with the summons without leave of the court — a guardian* ad litem *for the incompetent cannot be appointed until after notice and leave to sue is given.*

A committee of the estate of an incompetent person is an officer of the court, and no action can be begun against him until the leave of the court has been first obtained.

Service of a summons upon the incompetent person and his committee before such leave is obtained, and the appointment, under section 428 of the Code of Civil Procedure, of a guardian *ad litem* for the incompetent, without notice to the committee, upon the ground that the interests of the committee and those of the incompetent person are hostile, are both irregular.

APPEAL by the plaintiff, Eugene K. Smith, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of February, 1898, setting aside the service of a summons upon the

defendant Philip D. Keteltas and his committee, and upon the defendant John Gardner Keteltas and his committee, and also vacating an order appointing Nathaniel B. Hoxie as guardian *ad litem* of the defendants Philip D. Keteltas and John Gardner Keteltas.

*C. Bainbridge Smith,* for the appellant.

*John E. Parsons,* for the respondent.

McLaughlin, J.:

Two of the defendants are incompetents and the action was commenced against them without leave of the court. When the summons was served upon them a committee, theretofore duly appointed of their persons and estates, was acting. After service of the summons upon the incompetents and the committee the plaintiff applied *ex parte* for and obtained an order appointing a guardian *ad litem.* The committee thereafter, upon notice to the plaintiff's attorney and the guardian *ad litem,* obtained an order setting aside the service of the summons and vacating the order appointing the guardian *ad litem* upon the ground that leave to bring the action against the incompetents had not been obtained. It is from this order that this appeal is taken.

We think that the order appealed from was properly granted. The control of the estate of an incompetent is vested in the court, and the committee appointed to take charge of such estate is an officer of the court. The court will not permit an action to be maintained against one of its own officers until leave to do so has been granted by it. This rule prevailed at common law (*L'Amoureux* v. *Crosby,* 2 Paige, 422; *Matter of Heller,* 3 id. 199; *Matter of Hopper,* 5 id. 489), and it has not been changed by statute. *Soverhill* v. *Dickson* (5 How. Pr. 109) is directly in point and, as it seems to me, decisive of the question here presented. There, action was commenced without leave of the court by the service of summons upon the incompetent and his committee. An application was thereafter made to set aside the service upon the ground that leave to commence the action had not been obtained. The motion was granted and Welles, J., in disposing of the motion, said: "I am not able to perceive that the new organization of the courts, or the new modes of proceeding therein, have essentially changed the law on the subject; all

the reasons for the former practice continue. The 134th section of the Code directs who the summons shall be served upon in the several cases therein specified. The 3rd subdivision of the section provides, where the action is against a person judicially declared to be of unsound mind or incapable of conducting his own affairs in consequence of habitual drunkenness, and for whom a committee has been appointed, that the summons shall be delivered to such committee and the defendant personally. It has been supposed that this authorized the commencement of the action at once, and without first applying for leave to prosecute. But this cannot be so. It only provides who the summons shall be served upon, where an action is to be commenced. It is no authority on the question of the creditor's right to bring an action, one way or the other."

It is true this case was decided under section 134 of the former Code of Procedure, but section 426 of the present Code of Civil Procedure, so far as it relates to service on incompetent persons, is substantially the same as that section, and the same rule applies. (*Matter of Delahunty,* 28 Abb. N. C. 245; *Kent* v. *West,* 16 App. Div. 496.)

But it is urged by appellant's counsel that section 428 of the Code of Civil Procedure authorized the appointment of the guardian *ad litem,* inasmuch as the papers upon which the order was made established that the interest of the committee is adverse to the interests of the incompetent. This section authorizes the appointment of a guardian *ad litem only,* after the service of the summons upon the committee and the incompetents in the manner prescribed by subdivision 2 of section 426. Such service, as we have already seen, cannot be legally made *until* leave to do so has been obtained from the court. No such leave having been obtained in this case, the service of the summons was irregular, and the plaintiff could not legally obtain the appointment of a guardian *ad litem,* certainly not without giving notice of the application to the committee. (1 Barb. Ch. Pr. 86.)

The order appealed from should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., BARRETT, RUMSEY and INGRAHAM, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.