(32 Misc. Rep. 514.)

FEIGENBAUM v. HOWE et al.

(Supreme Court, Appellate Term.    October 16, 1900.)

INSANE PERSONS—CONTRACTS—RESCISSION.

An attorney made a contract with a party to bring a suit without knowledge of the party's insanity, and before he had been declared incompetent. The attorney prepared a complaint, which was never served, and received his fee in advance. *Held*, that the committee of the lunatic, on rescinding the contract, had a cause of action to recover the fee as money received.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Clara Feigenbaum, as committee of Louis I. Feigenbaum, a lunatic, against William F. Howe and others. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Benno Loewy, for appellant.
Nathaniel Cohen, for respondents.

PER CURIAM. There can be no doubt of the fact that at the time the alleged contract was made between Feigenbaum and the defendants the former was insane, and incompetent to enter into any such agreement. A contract made with a person who is insane at the time, although not so judicially declared, is voidable; but where the one dealing with such person has acted in good faith, without any knowledge or reason to believe that the latter is insane, has parted with value upon the faith of the agreement, or has performed acts which were beneficial to said lunatic or his estate, he is entitled to the advantages which he has obtained under the agreement, where the same is a just and fair one, if he cannot be restored to the position which he occupied before his dealings with the lunatic were had. Insurance Co. v. Hunt, 79 N. Y. 541; Hicks v. Marshall, 8 Hun, 327; Riggs v. Society, 84 N. Y. 330, 337. In the case at bar the plaintiff's ward, before he had been judicially declared to be incompetent, made an arrangement with the defendants, under which the latter were to institute an action for divorce against his wife, and paid to them in advance on account of such litigation so to be undertaken by them the sum of $110. The fact that Feigenbaum was at that time insane is established in the case beyond any possible doubt, and it also appears that his insanity rested, in part at least, upon delusions with respect to the fidelity of his wife. It also appears that the defendants were entirely ignorant of his mental condition, and made the arrangement that they did in entire good faith. It does not appear, however, that anything was done by them with respect to the commencement of the action. It is true that they prepared a summons and complaint, but the same were never served, and the action was never instituted. It is thus apparent that no benefit or advantage was received by the lunatic in exchange for the money which had been thus paid by him. The payment was made upon an

agreement by the defendants to bring suit. The mere drawing of the summons and complaint was not the bringing of the suit, but only a preliminary step, of no possible use or advantage to the plaintiff, unless followed by commencement and prosecution of the action. We think, therefore, that the plaintiff, having rescinded the contract, has made out a cause of action as for money had and received against the defendants for the recovery of said sum of $110, and that the judgment rendered by the court below dismissing the complaint was erroneous, and must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.