(80 App. Div. 395.)

### CARTER v. BURRALL.

(Supreme Court, Appellate Division, Second Department. March 13, 1903.)

1. LUNATICS—ACTION AGAINST—ATTACHMENT—SPECIAL APPEARANCE BY COMMITTEE—VACATION OF PROCEEDINGS.

An action against a nonresident was commenced by attachment. The summons was served by publication, pursuant to an order, which, on affidavits showing that defendant was confined in a lunatic asylum, provided that the summons, complaint, and order be mailed to the head of the asylum, as well as defendant, which was done. Subsequently proceedings were had determining that defendant was incompetent to manage his affairs, and appointing a committee, who, before service of summons was complete, moved for permission to appear specially to have the action stayed and proceedings therein vacated, on the ground that no permission had been granted to sue the committee. *Held*, that there was no abuse of discretion in denying the motion, by the granting of which plaintiff would have lost the advantage of his lien; but that, if the committee did not come into the action, leave to make him a defendant should be applied for.

Appeal from Special Term, Kings County.

Action by Harry D. Carter against Sarah Frederica P. Burrall. From an order denying the motion of George E. Green, committee of the property of defendant, for leave to appear specially in the action to move for stay of proceedings therein, and vacation of all proceedings theretofore had in said action, he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HIRSCHBERG, JENKS, and HOOKER, JJ.

A. K. Potter, for appellant.
Joseph N. Tuttle, for respondent.

HOOKER, J. This action was begun against the defendant on the 8th day of August, 1902, by attachment, and the sheriff of Niagara county then seized certain real property of the defendant, situate in that county. The ground of attachment was that the defendant was

a nonresident. The summons was served by publication, pursuant to an order granted September 4, 1902. At the time of the commencement of the action the defendant was a resident of London, England, and was confined in a lunatic asylum in that city. The affidavits in support of the order of publication showed that the defendant was incompetent to manage her affairs, and the order directed that the summons, complaint, and order be mailed to the collector or head of the asylum, as well as to the defendant. This direction was complied with, and publication of the summons was begun on September 5, 1902. Subsequently proceedings were had in the Supreme Court, Niagara county, by which it was determined that the defendant was incompetent to manage her affairs, and one George E. Green, of that county, was appointed by the court the committee of the property of the defendant. Before the service of the summons was complete, this committee moved at Special Term in Nassau county, where the venue herein is laid, for permission to appear specially in this action for the purpose of having the action stayed and all proceedings vacated on the ground that no permission had ever been granted to sue the committee of this defendant. The motion was denied, and from the order denying same the committee appeals.

The plaintiff carefully and closely followed the procedure laid down in section 427 of the Code of Civil Procedure, showed to the court the fact of the mental incapacity of the defendant, and procured its direction in the premises. No claim can be made that the plaintiff was without his strict legal rights at any time up to the appointment of the committee. The mental incapacity or incompetency of parties presents no interference with the enforcement of legal liabilities. The institution of legal proceedings against lunatics is not inhibited. Mutual Life Ins. Co. v. Hunt, 14 Hun, 169; Id., 79 N. Y. 541; Sanford v. Sanford, 62 N. Y. 553; Prentiss v. Cornell, 31 Hun, 167; Kent v. West, 16 App. Div. 497, 44 N. Y. Supp. 901. It is undoubted that the custody, control, and disposition of the property of the lunatic is committed entirely to the judgment and discretion of the court, and that after the appointment of the committee the court has power to direct the application of his estate to the payment of his debts. In re Otis, 101 N. Y. 580, 5 N. E. 571; Carter v. Beckwith, 128 N. Y. 312, 28 N. E. 582. But the Special Term in this case has not seen fit to exercise that discretion to the disadvantage of the plaintiff, and we are not disposed to interfere with its determination. It has, in effect, said that under the circumstances the plaintiff should be allowed the advantage of the lien he has obtained by attachment. On the showing made by the papers before us any other disposition of the matter would have been unjust. If the committee should be allowed now to succeed in his endeavor to stay this action and vacate all proceedings had herein, the plaintiff would lose the advantage of his lien. In re Hopper, 5 Paige, 489. No one suffers injustice by this advantage to him, for all defendant's creditors prior to the attachment possessed rights equal with the plaintiff to proceed as he has, and neither defendant nor the personal representatives is entitled to the property attached in defiance of her creditors. It is true that

In re Delahunty (Sup.) 18 N. Y. Supp. 395, seems to hold a contrary doctrine, but there the committee was brought into the action, on the application of the plaintiff in the City Court, without first obtaining the leave of the Supreme Court, which made the appointment, to proceed against him; and there, too, no question was presented of compelling the plaintiff to sacrifice a valuable lien.

It follows from what has been said that the order appealed from should be affirmed. We may add, however, that the committee, if he so elects, is entitled to come in and defend the action; and, indeed, that the proper course for the plaintiff, in our judgment, is to apply at the Special Term for leave to make the committee a party defendant, unless he comes in the action of his own accord.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.