(114 App. Div. 462.)

### GRANT v. HUMBERT.

(Supreme Court, Appellate Division, First Department. July 12, 1906.)

1. INSANE PERSONS—ACTION—LEAVE TO SUE—ORDER—EFFECT.

> An order permitting service of summons on an inmate of a state insane hospital, for whom no committee has been appointed, is not an order granting leave to bring an action against him.

2. SAME—NECESSITY TO OBTAIN LEAVE TO SUE.

An action may be maintained without leave of court against an inmate of an insane hospital for whom no committee has been appointed.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Insane Persons, § 157.]

3. SAME.

A creditor of an incompetent, for whom a committee has been appointed, on seeking to enforce his claim, must petition the court for the allowance and payment thereof, or, in the alternative, for leave to sue thereon; the court, which by its committee has taken possession of the property of the incompetent, being clothed with authority to pay claims.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Insane Persons, § 157.]

4. SAME—CLAIMS—PRIORITY.

Where the estate of an incompetent is insufficient to pay the claims, the court must apply the property in payment thereof pro rata, without preference, excepting where, prior to the adjudication of incompetency and the appointment of the committee, a creditor has in good faith obtained a lien.

5. SAME.

A creditor of an incompetent brought an action at law against him. Thereafter the incompetent was adjudged incompetent, and a committee appointed. *Held*, that the creditor acquired no priority in the payment of his claim.

6. ACTION—STAY OF ACTION AGAINST INCOMPETENT.

A creditor brought an action at law against an incompetent. Subsequently the court appointed a committee for the incompetent. *Held*, that the action need not necessarily be stayed until the discharge of the committee, but might properly be prosecuted to judgment, to enable the creditor to have his claim liquidated before applying to the court to have it paid by the committee.

7. INSANE PERSON—ACTION AGAINST—ENFORCEMENT OF JUDGMENT.

A judgment recovered in an action against an incompetent, brought prior to the appointment of a committee, can only be enforced by application to the court.

8. SAME—LEAVE TO PROSECUTE ACTION—WAIVER.

An incompetent was sued by a creditor prior to the appointment of a committee. The committee appeared and answered for the incompetent, and the cause was placed on the calendar. *Held*, that the committee did not waive the failure of the creditor to obtain leave to prosecute the action.

9. LIMITATION OF ACTIONS—STAY OF PROCEEDINGS—EFFECT.

A creditor of an incompetent properly brought suit against him prior to the appointment of a committee. The committee applied for a stay of the prosecution of the action a few days within the expiration of the statute of limitations. *Held*, that an order granting a stay did not affect limitations; the creditor, on his claim not being paid in full, being at liberty, after the discharge of the committee, to continue the action for any unpaid balance.

10. ACTION—STAY OF PROCEEDINGS.

A creditor of an incompetent commenced an action against him prior to the appointment of a committee. The committee subsequently appointed appeared and answered. Thereafter the committee filed a petition for leave to be made a party to the action. The request was withdrawn before consent was granted, and a motion for a stay of the prosecution of the action was then made. *Held*, that the court should have denied the motion, and should have granted leave to continue the action to judgment.

Appeal from Special Term, New York County.

Action by Madison Grant against Arthur C. Humbert. From an or-

der enjoining the prosecution of the action, plaintiff appeals. Reversed, and leave granted plaintiff to prosecute the action.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and CLARKE, JJ.

William W. Niles, for appellant.
Manfred W. Ehrich, for respondent.

LAUGHLIN, J.  The action is brought on a promissory note for $1,500, due on the 24th day of March, 1900, alleged to have been made by the defendant payable to the order of the plaintiff.  At the time of the commencement of the action the defendant was an inmate of Bloomingdale Asylum, but no committee of his person or property had been appointed.  Before commencing the action an application was made in behalf of the plaintiff to one of the justices of the Supreme Court, evidently with a view to complying with the regulation of the state lunacy commission precluding service on an inmate of a state hospital for the insane without an order of a judge of a court of record for leave to serve the defendant.  Leave was granted, and service was made upon the 25th day of November, 1905.  On the 8th day of December thereafter, by an order of the Supreme Court, the defendant was duly adjudged incompetent, and Susan Humbert was duly appointed committee of his person and property.  She qualified, and a commission was duly issued to her on the 12th day of December.  On the 13th day of December Messrs. Bowers & Sands, attorneys, served a formal notice of appearance, stating that the defendant, "an incompetent person, by Susan Humbert, committee of his person and property," appeared in the action, and thereafter the defendant, by his committee, served an answer setting forth that he had been judicially declared incompetent, and the appointment of the committee, and putting in issue all of the allegations of the complaint, and setting up as a separate defense that the note was made without consideration.  Before appearing the committee verified a petition for leave to be made a party to the action, and requested the attorneys for the plaintiff to stipulate that an order to that effect might be entered; but the request was withdrawn before the consent was granted, and the motion for a stay of the prosecution of the action was thereupon made.

If leave of the court to bring the action was necessary, I think the order permitting service of the summons cannot be construed as such leave.  It was not so intended, and it was not made by the court.

The theory urged by the respondent to sustain the order is that the action cannot be maintained without leave of the court.  That contention is not sustained by the authorities.  Incompetency neither suspends the running of the statute of limitations on claims against the incompetent (Sanford v. Sanford, 62 N. Y. 553), nor does it deprive the court of jurisdiction, or bar a claimant from instituting an action or proceeding against an incompetent person, and prosecuting the same to judgment and enforcing satisfaction thereof by execution.  Crippen v. Culver, 13 Barb. 424; Sternbergh v. Schoolcraft, 2 Barb. 153; Clarke v. Dunham, 4 Denio, 262; Robertson v. Lain, 19 Wend. 649; Matter of Heller, 3 Paige, 199; In re Hopper, 5 Paige, 489; Noe v. Gibson, 7

Paige, 513; Prentiss v. Cornell, 31 Hun, 167, affirmed 96 N. Y. 665; Williams v. Empire Woolen Co., 7 App. Div. 345, 39 N. Y. Supp. 941; L'Amoureux v. Crosby, 2 Paige, 422, 22 Am. Dec. 655; Carter v. Burrall, 80 App. Div. 395, 81 N. Y. Supp. 30. If the action had not been commenced until after the inquisition and the appointment of the committee, the service of the summons upon the defendant or his committee without leave of the court might have been set aside by the court (Smith v. Keteltas, 27 App. Div. 279, 50 N. Y. Supp. 471), or the prosecution of the action enjoined (Matter of Delahunty, 28 Abb. N. C. 245, 18 N. Y. Supp. 395); and the plaintiff would also be subject to punishment for contempt, because, although the title to the property remains in the lunatic, the court, by the committee, takes unto itself the custody, care and management of the property for the purpose of preserving it from waste or destruction, and providing for the payment of his debts, and of the maintenance of himself and family and the education of his children, and it will brook no interference with the property or with the committee, who is its officer or bailiff. Matter of Hopper, 5 Paige, 489; Soverrhill v. Dickson, 5 How. Prac. 109; Code Civ. Proc. § 2321; Matter of Application of Otis et al., 101 N. Y. 580, 5 N. E. 571; Kent v. West, 16 App. Div. 496, 44 N. Y. Supp. 901; affirmed 154 N. Y. 749, 49 N. E. 1099; People ex rel. Smith v. Com'r of Taxes and Assessments, 100 N. Y. 215, 3 N. E. 85; Pharis v. Gere, 110 N. Y. 336, 18 N. E. 135, 1 L. R. A. 270; Carter v. Beckwith, 128 N. Y. 312, 28 N. E. 582; Crippen v. Culver, supra. The court, which by its committee takes possession of the property of the incompetent person, is clothed with full authority to pay all just claims against the incompetent to the extent of his estate, and to determine the validity of claims by reference if the facts are disputed. This summary remedy is favored by the courts, and is adopted in all cases unless some special facts or circumstances exist which render it necessary or appropriate that the claimant should be permitted by the court to maintain an action for the purpose of having his claim or the extent thereof adjudged. Kent v. West, 33 App. Div. 112, 53 N. Y. Supp. 244; Williams v. Estate of Cameron, 26 Barb. 172; Matter of Heller, supra; Matter of Hopper, 5 Paige, 489; Niblo v. Harrison, et al., 9 Bosw. 668.

The established practice with respect to the enforcement of claims against an incompetent person for whom a committee has been appointed is to present a petition to the court, praying that the claim be allowed and paid, or, in the alternative, that leave be granted to sue thereon. Matter of Hopper, supra; L'Amoureux v. Crosby, supra; Williams v. Estate of Cameron, supra; Matter of Delahunty, supra; Matter of Wing, 83 Hun, 284, 31 N. Y. Supp. 941.

Where the estate of an incompetent is insufficient to pay the claims in full, the court applies his property in payment thereof pro rata, without preference, excepting where, prior to the adjudication of incompetency and appointment of the committee, the creditor has in good faith obtained a lien or acquired a right of property by contract or otherwise, as in Carter v. Burrall, supra, where a warrant of attachment had been duly issued and levied, and in Matter of Hopper, supra, where a judgment had been recovered and an execution issued and levied,

and where there is a mortgage lien, and analogous cases. In the case at bar, however, the plaintiff had acquired no lien or right or priority in the payment of his claim at the time the defendant was adjudged incompetent. He had merely duly commenced an action at law. In the Matter of Wing, supra, it was held that even a judgment creditor of a lunatic, where execution has not issued before the inquisition, acquires no lien on his personal property. This being an action at law, and it having been duly commenced prior to the appointment of the committee, it need not necessarily be stayed until the discharge of the committee or until the further order of the court, but may properly be prosecuted to judgment to enable the plaintiff to have his claim liquidated before applying to the court to have it paid by the committee. Niblo v. Harrison, supra.

A judgment, if recovered, can only be enforced by application to the court. It is the duty of the committee to defend (Vlasto v. Varelopoulos, 73 App. Div. 145, 76 N. Y. Supp. 771; American Mortg. Co. v. Dewey, 106 App. Div. 389, 94 N. Y. Supp. 808) ; and, although the judgment would not be enforceable by execution while the estate is in the custody of the court, it would be at once enforceable should the lunatic recover and the committee be discharged. Although the action has been duly brought, probably it could not, with knowledge of inquisition found, be continued without subjecting the plaintiff, not only to the injunction order of the court, but to punishment for contempt as well.

The appellant contends that, the committee having appeared and answered for the defendant, and the case having been placed upon the calendar, the committee should now be deemed to have waived any objection to the failure of the plaintiff to obtain leave of the court for the continuance of the action. The difficulty with this contention is that the committee has only such authority as is conferred by statute or by order of the court. It has been held that an application by the committee for substitution as a defendant in place of the incompetent does not debar the committee from contending that the action cannot be maintained without leave of the court. Matter of Delahunty, supra. In the present action it does not appear whether the committee voluntarily defended, or whether the answer was interposed by direction of the court.

It is further urged that the application for the stay was not made until within a few days of the expiration of the statute of limitations, and that if the order should be affirmed and leave of the court to sue should be obtained, the statute of limitations will have run against the claim, for the reason that the leave cannot be granted nunc pro tunc. Matter of Delahunty, supra. The plaintiff has nothing to fear in this regard. His action has been properly commenced. If he needs any authority, it is only authority to continue it, which may, if the facts and circumstances warrant it, be granted before the discharge of the committee; but if leave should not be granted, and the claim should not be paid in full, the plaintiff would be at liberty, after the discharge of the committee, to continue his action for any unpaid balance, and thus his right in due time to obtain a judgment upon his cause of action could be preserved. We are of opinion, however, that leave to

continue the action to judgment should be granted. It was competent for the court on the motion for a stay to have denied the stay, and granted leave to the plaintiff to prosecute his action to judgment; and this, we think, should have been done.

It follows that the order should be reversed, and leave granted to plaintiff to prosecute his action to final judgment, but without costs. All concur.