(53 Misc. Rep. 515)

### In re STENTON.

(Supreme Court, Special Term, New York County. March, 1907.)

ATTORNEY AND CLIENT—LIEN—INCOMPETENT CLIENT.

Where a client is judicially declared an incompetent, and the relation of attorney and client, is terminated, the attorney has a lien on the bank books in his possession pending his employment, and an order directing their surrender to the committee of the incompetent should direct the committee to retain in its hands a sufficient sum to satisfy the amount found due the attorney on a reference.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 413.]

In the matter of Louisa M. Stenton, an incompetent. Application for an order directing her former attorney to deliver certain books to her committee. Granted on conditions.

Wilbur Larremore and Nelson S. Spencer, for petitioner.
Hugo Wintner, pro se.

LEVENTRITT, J. An incompetent person, prior to judicial declaration to that effect, has the right to employ an attorney. At most, such a contract is voidable as any other contract of an insane person before the fact has been judicially determined. Blinn v. Schwarz, 177 N. Y. 252, 69 N. E. 542, 101 Am. St. Rep. 806. Unless it is shown that some advantage was taken of the principal's infirmity, it would seem that the right to employ an attorney stands, perhaps, on a securer footing than other contracts. And this is so from the very necessities of the case. Before the court has taken unto itself the custody of the incompetent's property and the administration of his affairs, the employment of one to safeguard his interests is a proper and wise precaution. There may be sufficient intelligence to recognize incompetency especially in the case of increasing senility, as here, and the wisdom of delegating the protecting of one's business affairs to an attorney. Even one judicially declared incompetent may in effect retain counsel to secure a discharge or release from the court's wardship, and, in the event of nonsuccess, the attorney's charge for services is properly paid out of the incompetent's estate. Matter of Larner, 68 App. Div. 320, 74 N. Y. Supp. 70. In the case at bar the employment would seem to be sufficiently established. As an incident, the attorney's liens attached to the bank books that came into his possession in the course of that employment. While the determination of Mrs. Stenton's insanity terminated the agency and employment of the attor-

ney, it did not as a matter of law destroy the lien. By the appointment of a committee the incompetent's property is taken in custody by the court, but the title thereto remains in the lunatic. The committee, as the court's officer, becomes a mere bailiff to administer in accordance with the court's direction. Matter of Otis, 101 N. Y. 580, 5 N. E. 571; Kent v. West, 33 App. Div. 113, 53 N. Y. Supp. 244. While claims against the incompetent are, where assets are insufficient to pay all in full, usually paid pro rata without preference, yet where a lien has attached, equitably or legally, the court will protect it. Grant v. Humbert, 114 App. Div. 462, 465, 100 N. Y. Supp. 44; Carter v. Burrall, 80 App. Div. 396, 81 N. Y. Supp. 30; Matter of Hopper, 5 Paige, 489. In the case at bar it seems desirable that the committee should presently be placed in possession of the books and papers in order to be able to secure funds toward the maintenance of the incompetent. At the same time the extent of the attorney's lien should be summarily determined. Grant v. Humbert, supra. There is nothing in the papers attacking his good faith or indicating that he has not performed services of value.

An order should be entered directing the surrender of the books and papers to the committee, and a reference should be had to determine the amount of the lien. The order should contain a provision directing the committee to retain in its hands sufficient funds to satisfy the amount which may be awarded on the reference.