HARRY C. WESLEY, as Committee, Etc., Plaintiff, v. JOHN H. WOOD, Defendant.

(County Court, Oneida County, May, 1911.)

Insane persons — Guardianship — Liabilities of committee — Enforcement by execution.

> Where, in an action brought by a committee of an incompetent person, the defendant recovers judgment for costs, he may not issue an execution against the plaintiff; and an execution so issued should be vacated on motion.

ORDER to show cause why an execution issued by the defendant upon a judgment for costs should not be vacated.

McMahon & Larkin, for motion.

D. F. Searle, opposed.

HAZARD, J. The above entitled action was tried before this court and a jury, and a verdict in favor of the defendant was rendered. Judgment has been entered dismissing the complaint and for eighty-two dollars and twenty-five cents costs in favor of the defendant, and the defendant has issued an execution in the usual form against the plaintiff. It is claimed on behalf of the plaintiff that this procedure is irregular, and that the plaintiff is an officer of the court, and that an execution against him in his official capacity cannot issue, at least without the consent of the court.

It is undoubtedly true that the property of an incompetent for whom a committee has been appointed is in the custody of the court, and that title thereto does not vest in the committee, whose only possession thereof is as a representative of the court. Carter v. Burrall, 80 App. Div. 396; Matter of Otis, 101 N. Y. 580; Carter v. Beckwith, 126 id. 312.

Section 2321 of the Code provides that the court must preserve the property from waste and destruction, and must provide for the payment of debts, etc.

The question remains as to whether the defendant's procedure in summarily issuing execution against this officer or bailiff of the court is a proper one. In the case of Grant v. Humbert, 114 App. Div. 465, the court says: " The established practice with respect to the enforcement of claims against an incompetent person for whom a committee has been appointed, is to present a petition to the court, praying that the claim be allowed and paid, or, in the alternative, that leave be granted to sue thereon." Further on the court says: "A judgment would not be enforcible by execution while the estate is in the custody of the court, but it would be at once enforcible should the lunatic recover and the committee be discharged."

The language just quoted was perhaps *obiter dicta,* but, even so, I regard it as controlling, as the Appellate Division was discussing situations just like the present one, and its opinion in the premises is very clearly expressed in the language above quoted.

In Matter of Wing, 83 Hun, 284, it was held, because a judgment creditor had omitted to issue execution before the incompetent's property had. come into the hands of his committee, that the creditor had no lien and no preference, and that there must be a *pro rata* distribution in case there was not enough property to pay all the debts. Applying that principle to the present case, it would seem to follow that defendant, having obtained a judgment against a committee, might not proceed summarily to enforce payment of it, as he might thereby obtain a preference over other creditors whose rights were equal to his.

From my examination of the cases it appears to me that the practice for a very long time has been contrary to that followed by the defendant in this case.

In Niblo v. Harrison, 9 Bosw. 668, it was held that, where a suit was brought before the committee was appointed which proceeded to judgment afterward, the judgment would not be void, but the judgment creditor would not be allowed to enforce it " without leave of the court granted upon petition," citing numerous cases.

In Robertson v. Lain, 19 Wend. 647, the court said:

" If the plaintiff recovers in this action he will not be allowed to touch either the person or the estate of the defendant, but will be obliged to apply to the committee of the court of chancery for the payment of his debt."

I do not consider the fact that the judgment in question is one obtained by a defendant in a suit brought by the committee affects the principle involved or alters what appears to be a well-established practice, nor that ˉthe principle would be any different or the practice altered any in a case in which a judgment might have been obtained against an incompetent ˙before the adjudication. The committee, in the performance of what he doubtless believed to have been his official duty, was endeavoring to recover what he regarded as a part of the assets of the estate; and he has failed in his action, with the result that a judgment for costs has been entered against him. I do not see how or why such a judgment is of any higher or different character than any ·other judgment which the estate of the incompetent might owe. I think it should, therefore, follow that the execution issued by the defendant herein should be vacated.

An order may be prepared accordingly, with ten dollars costs to the plaintiff.

Ordered accordingly.