(22 Misc. Rep. 588.)

### SMITH v. KETELTAS et al.

(Supreme Court, Special Term, New York County. February, 1898.)

LUNATICS—ACTION AGAINST—GUARDIAN AD LITEM.

    Under Code Civ. Proc. § 426, subd. 2, providing that, if defendant is a lunatic, a summons shall be delivered to the committee as well as to the defendant, and section 428, authorizing the appointment of a guardian ad litem where it appears that the interest of the committee, "to whom a copy of the summons has been delivered," is adverse to that of the defendant, appointment of guardian ad litem can be only after service of summons on the committee and defendant, which can only be after application to the court for leave to bring an action against the lunatic.

Action by Eugene K. Smith against Alice Keteltas and others. Defendants move to set aside service of summons. Granted.

Parsons, Shepard & Ogden, for the motion.
C. Bainbridge Smith, opposed.

TRUAX, J.   It was held in Soverhill v. Dickson, 5 How. Prac. 109, that an action could not be brought against a lunatic, for whom a committee had been appointed, without an application to this court, although the third subdivision of section 134 of the Code of Procedure provided for the service of a summons upon the committee of the lunatic, and upon the lunatic personally.   To the same effect is In re Delahunty, 28 Abb. N. C. 245, 18 N. Y. Supp. 395, decided in 1892 by the general term of the First department.   "It has been supposed," said Judge Welles in Soverhill v. Dickson, "that section 134 of the Code authorized the commencement of the action at once, and without first applying for leave to prosecute.   But this cannot be so. It only provides who the summons shall be served upon, where an action is to be commenced."   The second subdivision of section 426 of the Code of Civil Procedure is no broader than subdivision 3 of section 134 of the Code of Procedure.   In the case now before me a guardian ad litem was appointed ex parte, and it is claimed that such an appointment is authorized by section 428 of the Code of Civil Procedure.   That section authorizes the appointment of a guardian ad litem only when it appears that the interest of the committee "to whom a copy of the summons has been delivered is adverse to that of the defendant"; that is, section 428 authorizes the appointment only after the service of the summons upon the committee and the defendant as prescribed by subdivision 2 of section 426.   But it has been shown that such a service can be legally made only after leave of the court has first been obtained.   No such leave having been obtained in this case, the service of the summons on the committee, and the appointment of a guardian ad litem, should be set aide.   Motion granted, with $10 costs.