HENRY WARD AND HIS GUARDIAN, GREY, *v.* JAMES.
K. CONATSER.

PERSONS UNDER DISABILITY. *Lunatics. Damages for injuries committed by. Torts.* In a civil action to recover damages for an injury inflicted upon the person or property of another by a lunatic, insanity cannot be looked to as a justification of the wrong, and while the insane person will be liable for actual damages resulting from the injury, punative or vindictive damages cannot be recovered.

Case cited: Tally *v.* Ayers, 3 Sneed, 680.

Authorities cited: 32 Maryland R., 581; 3 Barb., 657; 3 Paige, 199; Sedg. on Dam., (6 Ed.,) note 1, page 555.

---

FROM TROUSDALE.

---

Appeal from the Circuit Court. W. H. WILLIAM-SON, Judge.

JAS. McHENRY and A. A. SWOPE for Conatser.

No brief appears for Ward.

DEADERICK, J., delivered the opinion of the Court.

There was a verdict for $1,000 in favor of defendant, in error, in the Circuit Court of Trousdale County against Ward and his Guardian, for the alleged shooting by Ward of Conatser, by which he was seriously and permanently injured.

The Court refused a new trial, and the defendants below have appealed to this Court.

Except in the argument of one of the counsel for plaintiff in error, the fact of the shooting seems to be assumed and conceded, and the defence rested almost entirely upon the proposition that Ward was insane when the act was done, and is not liable for the consequences of the shooting.

There is barely sufficient evidence to sustain the verdict of the jury, with all the presumptions of law in its favor, from the verdict of the jury and the action of the Court refusing to set it aside.

The Judge charged the jury that "insanity cannot be looked to as a justification of the shooting," but that an insane person would be liable for the actual damage resulting from the injury inflicted, but not for punitive or vindictive damages.

The evidence tended to establish the insanity of Ward, and we are of opinion that the charge is a correct exposition of the law applicable to the facts of the case, and contains ample and accurate instructions upon all the questions presented in the pleadings and evidence.

Numerous cases have been cited by the counsel of defendant in error, which fully sustain the charge.

It is very ingeniously argued, that an insane man ought not to be held liable for an act done without intent to do wrong or injury. And there is much plausibility in the argument. But on the other hand, if a lunatic, having inflicted an injury upon the person or property of another, is not held to make reparation, the party suffering would be without redress.

This Court has held that in a civil action to recover damages, it is immaterial whether the injury was willful or not. It is no ground of defence that the mind or will did not concur in the act by which the injury was inflicted. 3 Sneed, 680.

The damages are intended when solely compensatory as a reparation for the injury received.

Where a lunatic burned his neighbor's barn, he was held liable for the value of the barn, the Court saying that lunacy was no defence against liability for compensatory damages. 32 Maryland R., 581.

To the same effect are the cases in 3 Barb., 657; 3 Paige, 199, and in note 1, page 555, to 6th Edition (1874) of Sedg. on Dam., it is said that "although an insane defendant should not be *punished*, either civilly or criminally, for his acts, yet a verdict to the extent of compensation for the actual loss sustained by the injured party in such a case appears to be right."

A sane man for his tort may be punished by vindictive damages for his acts. A lunatic or insane person is held liable only to make compensation for the loss sustained by his act, which injures another.

Some exceptions have been taken to the reading of certain depositions because no notice was given.

We are of opinion that the evidence of Swope and others shows that proper notice was given, and the depositions were properly admitted.

Upon the whole case we are of opinion that the verdict was right, and that there is no error in the record, and we affirm the judgment.