In the Matter of the Application of ALEXANDER D. SNOW, as Liquidating Partner of the Limited Partnership of GREER, CRANE & WEBB, on Behalf of WILLIAM A. GREER and Others, Copartners Thereof, Petitioner, Appellant, for an Order Directing THOMAS S. McLANE, as Committee of the Person and Property of WILLIAM A. GREER, an Incompetent Person, Respondent, to Pay over the Proceeds of the Sale of the Said Incompetent's Membership in the New York Stock Exchange.

In the Matter of WILLIAM A. GREER, an Incompetent Person.

ALEXANDER D. SNOW, as Liquidating Partner of GREER, CRANE & WEBB, Appellant; THOMAS S. McLANE, as Committee of the Person and Property of WILLIAM A. GREER, Petitioner, Respondent.

First Department, October 29, 1937.

*Kenneth M. Spence* of counsel [*Henry G. Hotchkiss* with him on the brief; *Spence, Hopkins, Walser & Hotchkiss*, attorneys], for the appellant.

*Matthew B. Sentner* of counsel [*C. Parker Lattin* with him on the brief], for the respondent.

TOWNLEY, J.  William A. Greer was a general partner of the Stock Exchange firm of Greer, Crane & Webb.  He became incompetent, and one Thomas S. McLane was appointed committee of his person and property in January, 1937.  The partnership had terminated by its terms on December 31, 1936.  The seat on the New York Stock Exchange, which was owned by Greer, was part of Greer's contribution to the capital account of the partnership. The partnership agreement read that " if a dissolution of the partnership take place, unless otherwise agreed to by the parties hereto, the membership shall be promptly disposed of at the best price obtainable and the proceeds be added to the assets of the partnership to be distributed as herein provided."

The committee sold the membership and, after satisfying its lien against the proceeds, the New York Stock Exchange paid over to the committee the balance, amounting to $111,793.75.  Thereafter the committee for the incompetent moved for an order authorizing him to disburse approximately $4,500 for the support of the incompetent.  Notice of this application was given to petitioner Snow as liquidating partner of the firm.  Snow opposed the motion in so far as the order would involve the use of the proceeds of the sale of the Stock Exchange seat on the ground that such proceeds were the property of the firm.  Snow also asked the court for a summary order directing the committee to pay over to him as

liquidating partner the money arising out of the sale of the seat. The petitioner Snow's motion was denied at Special Term on the theory that the relief asked for could not be granted by motion but could only be awarded in an action. Special Term also made an order for the support of the incompetent which involved the expenditure of a part of the proceeds arising from the sale of the seat.

There can be no doubt that the proceeds of the sale of the seat belong to the liquidating partner. This conclusion is inescapable and arises from the clear words of the agreement. Under similar circumstances it has been decided in the courts of this State that where by an agreement the legal title to a membership on the Stock Exchange is in the name of one of the partners, the equitable title is in the partnership and passes on death or disability to the surviving member of the partnership. (See *Matter of Hearns*, 214 N. Y. 426; *Matter of Grant*, 132 App. Div. 739. See, also, *Matter of Worrall*, 79 F. [2d] 88.)

It is undenied that the general debts of the partnership are such that the partnership is hopelessly insolvent, and it is also undenied that the incompetent personally owes the partnership about $500,000. There is also no question that of the funds in the hands of the committee only $1,199.82 are not affected by the equity created by Greer in favor of the partnership. Under these conditions no useful purpose would be served by requiring the liquidating partner to institute an action against an officer of the court for the recovery of moneys which manifestly belong to the partnership assets. Of course, if the moneys were in the hands of Greer himself and he refused to deliver them up, the partnership would be forced to bring an action for an accounting, but the court is not powerless to direct its own officer to deliver property to the rightful owner when no semblance of a defense to a possible suit is set out by the committee.

The Court of Appeals in *Matter of Otis* (101 N. Y. 580, 583) said: " The jurisdiction confided to the court over the persons and estates of lunatics, carries with it as a necessary incident, after inquisition found and the appointment of a committee, the power to direct the application of the estate of the lunatic to the payment of demands existing against it, and this relief may be granted on the petition of the claimant."

It was also said by this court in *Grant* v. *Humbert* (114 App. Div. 462, 464) that " The court, which by its committee takes possession of the property of the incompetent person, is clothed with full authority to pay all just claims against the incompetent to the

extent of his estate, and to determine the validity of claims by reference, if the facts are disputed. This summary remedy is favored by the courts, and is adopted in all cases unless some special facts or circumstances exist which render it necessary or appropriate that the claimant should be permitted by the court to maintain an action for the purpose of having his claim or the extent thereof adjudged. [*Kent* v. *West*, 33 App. Div. 112; *Williams* v. *Estate of Cameron*, 26 Barb. 172; *Matter of Heller*, 3 Paige, 199; *Matter of Hopper*, 5 id. 489; *Niblo* v. *Harrison*, 9 Bosw. 668.]''

The present case is a typical case for the use of a summary order. The proceeds of the Stock Exchange seat are not subject to the personal needs of the incompetent no matter how serious those needs may be.

The order denying petitioner's motion should be reversed, with twenty dollars costs and disbursements to appellant, and the committee should be directed to pay over to the liquidating partner the avails in his possession of the Stock Exchange seat.

The order directing payments for the incompetent's benefit should be modified to limit the amount of those payments to $1,199.82, and as so modified, affirmed.

MARTIN, P. J., O'MALLEY, GLENNON and UNTERMYER, JJ., concur.

Order entered May 20, 1937, denying petitioner's motion unanimously reversed, with twenty dollars costs and disbursements, and the committee directed to pay over to the liquidating partner the avails in his possession of the Stock Exchange seat. Order directing payments for incompetent's benefit unanimously modified to limit the amount of those payments to $1,199.82, and as so modified, affirmed. Settle orders on notice.