HOME OWNERS LOAN CORPORATION, Plaintiff, *v.* SAMUEL JONES, MATTIE JONES, His Wife; an Incompetent Person, and Others, Defendants.

Supreme Court, Westchester County, November 8, 1937.

*Albert L. Gray*, for the plaintiff.

*Frederick B. Van Kleek, Jr.,* guardian *ad litem*, for the incompetent defendant.

SYME, J. This is a motion by the plaintiff in a mortgage foreclosure action for an order striking out the answer of the special guardian for defendant Mattie Jones, an incompetent person, for whom no committee appears to have been appointed.

From the admitted allegations in the pleadings, it is evident that prior to the year 1930 the defendants Samuel Jones and Mattie Jones, his wife, were the owners in fee of the premises described in the complaint; that between 1927 and 1930 said defendants executed three bonds, secured by mortgages covering said premises, aggregating $8,500, all of which were made to and held by the

defendant Tarrytown and North Tarrytown Building and Loan Association; that on January 5, 1933, an action was commenced to foreclose these mortgages, and that said action resulted in a sale by the referee to said institution, evidenced by a referee's deed in foreclosure dated June 15, 1933.

On November 29, 1933, the defendant Samuel Jones made application to the plaintiff for a mortgage loan, and subsequently, based upon an appraisal of $8,500, an eighty per cent loan of $6,800 was approved. The Tarrytown Building and Loan Association, on October 9, 1934, agreed in writing to accept $6,800 less the unpaid taxes and closing expenses, and a subordinate mortgage of $850 in settlement of the amount due upon its three foreclosed mortgages.

On December 3, 1934, an order of the Supreme Court was made, pursuant to the provisions of article 82 of the Civil Practice Act (§ 1385 *et seq.*), authorizing the execution by Samuel Jones, as special guardian of Mattie Jones, his wife, of the mortgage in suit. On December 14, 1934, the loan represented by said bond and mortgage was closed, and $6,725.20 was paid to the Tarrytown institution, which simultaneously executed and delivered a deed of the premises to the defendants Jones; the balance of $74.80 was expended for disbursements incidental to the closing.

The answer interposed by the guardian *ad litem* for the incompetent denies the regularity of the proceedings resulting in the order of December 3, 1934, and alleges that at the time said order was made the incompetent had no interest in the real property, and, therefore, the order was null and void. It is not denied, however, that the funds borrowed from plaintiff by the mortgagors were used to purchase the property from the prior mortgagee and are, therefore, in the nature of purchase moneys.

It may be observed in passing that section 1388 of the Civil Practice Act was amended in 1935 (Laws of 1935, chap. 877) so as to authorize a mortgage upon property of an incompetent under the circumstances obtaining in this case.

No authorities bearing directly upon the question here in issue have been presented to the court.

It has been frequently held in this State, as well as in many other jurisdictions, that a mortgage executed by one who is of unsound mind, but has not been judicially so declared, for consideration, in favor of a mortgagee who has acted in good faith, without knowledge of the mortgagor's incapacity, is not void and will be enforced unless the parties can be restored to their original position. (See cases cited in 46 A. L. R. 420.)

Accordingly, if no steps had been taken to obtain an order authorizing the execution of this mortgage, it would be enforced under the authorities referred to. It does not seem necessary or desirable that the rule should be hardened because the plaintiff sought compliance with the statute. Upon plain principles of equity and justice the motion should be, and is, granted.

Settle order on two days' notice.