█ PHYLLIS WRIGHT, Appellant, v CARL RICKARDS, an Incapacitated Person, et al., Respondents. [942 NYS2d 153]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Diamond, J.), dated January 14, 2011, which denied her motion, in effect, for summary judgment on the complaint and granted that branch of the defendants' cross motion which was pursuant to CPLR 3211 to dismiss the complaint.

Ordered that the order is affirmed, without costs or disbursements.

In an order and judgment (one paper) dated November 13, 1995, Gerald G. Wright was appointed guardian of the person and property of Carl Rickards, an incapacitated person. The order and judgment provided, inter alia, that Gerald G. Wright shall marshal Rickards's assets for the purpose of prudently investing them so as to produce a reasonable income, and to apply so much of the income and principal as was necessary for the comfort, support, maintenance, and well-being of Rickards. In an order dated July 30, 2001, Gerald G. Wright was authorized, among other things, to pay from guardianship/trust funds the monthly rent for a single-family home that Rickards rented from the plaintiff, Phyllis Wright, Gerald G. Wright's wife, together with real estate and school taxes, utilities, and gardening expenses for the single-family home owned by the plaintiff. In an order and judgment (one paper) dated January 5, 2007, Gerald G. Wright was permitted to resign as Rickards's guardian, and David E. Smith was appointed as successor guardian of the person and property of Rickards. The order and judgment dated January 5, 2007, provided that Smith was to have the same authority granted to Gerald G. Wright in the order and judgment dated November 13, 1995, but did not contain any reference to the order dated July 30, 2001.

After his appointment, Smith refused to pay the real estate and school taxes and gardening expenses with respect to the

property owned by the plaintiff and rented to Rickards. The plaintiff subsequently commenced this action against Rickards and Smith, as guardian for Rickards, alleging that Smith's failure to pay the real estate and school taxes and gardening expenses with respect to her property as authorized by the July 30, 2001, order constituted a breach of contract. The plaintiff now appeals from an order denying her motion, in effect, for summary judgment on the complaint and granting that branch of the defendants' cross motion which was pursuant to CPLR 3211 to dismiss the complaint.

Once a guardian is appointed for an incapacitated person, litigation against the incapacitated person and against the guardian as representative of the incapacitated person should not proceed without the permission of the court which appointed the guardian (*see Carter v Beckwith*, 128 NY 312, 316 [1891]; *Matter of Linden-Rath*, 188 Misc 2d 537, 539 [2001]). Here, the plaintiff did not request, and was not granted, permission to commence this action against the defendants. While leave to sue may be granted nunc pro tunc (*see Grant v Humbert*, 114 App Div 462, 466 [1906]; *Matter of Linden-Rath*, 188 Misc 2d at 540 n 1; *see generally Copeland v Salomon*, 56 NY2d 222, 230 [1982]), the Supreme Court did not improvidently exercise its discretion in denying the plaintiff permission to sue nunc pro tunc. In any event, the complaint failed to state a cause of action (*see* CPLR 3211 [a] [7]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Accordingly, the Supreme Court properly denied the plaintiff's motion, in effect, for summary judgment on the complaint, and properly granted that branch of the defendants' cross motion which was pursuant to CPLR 3211 to dismiss the complaint. Mastro, A.P.J., Hall, Lott and Sgroi, JJ., concur.