■ In the Matter of THOMAS J., an Incapacitated Person. SELFHELP COMMUNITY SERVICES, INC., Respondent; NEW YORK CITY HOUSING AUTHORITY, Appellant. [14 NYS3d 478]—In a proceeding pursuant to Mental Hygiene Law article 81, the New York City Housing Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Mayersohn, J.), dated January 30, 2013, as granted those branches of the motion of Selfhelp Community Services, Inc., which were to dismiss an underlying holdover proceeding entitled *New York City Hous. Auth. v Jackson*, pending in the Civil Court, Queens County, under index No. 12590/12, and to enjoin it from commencing any subsequent holdover proceeding against Thomas J. without prior leave of the Supreme Court, and denied its application for permission to commence the underlying holdover proceeding nunc pro tunc.

Ordered that on the Court's own motion, the notice of appeal

from so much of the order as denied the application of the New York City Housing Authority for permission to commence the underlying holdover proceeding, nunc pro tunc, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, those branches of the motion of Selfhelp Community Services, Inc., which were to dismiss the underlying holdover proceeding and to enjoin the New York City Housing Authority from commencing any subsequent holdover proceeding without prior leave of the Supreme Court are denied, and the New York City Housing Authority's application for permission to commence the underlying holdover proceeding, nunc pro tunc, is granted.

In 2002, pursuant to Mental Hygiene Law article 81, the Supreme Court, Queens County, appointed the respondent, Selfhelp Community Services, Inc. (hereinafter Selfhelp), as guardian of the person and property of Thomas J., an incapacitated person. In 2012, after withdrawing several earlier holdover proceedings against Thomas J. in the Civil Court, Queens County, the New York City Housing Authority (hereinafter NYCHA) commenced a holdover proceeding against him which is the subject of the current appeal (hereinafter the 2012 holdover proceeding). NYCHA commenced the 2012 holdover proceeding without first obtaining leave from the Supreme Court. Thomas J.'s guardian, Selfhelp, moved in the Supreme Court, inter alia, to dismiss the 2012 holdover proceeding and to enjoin NYCHA from commencing any subsequent holdover proceeding against Thomas J. without first obtaining leave of the Supreme Court. The Supreme Court granted those branches of Selfhelp's motion and denied NYCHA's application for permission to commence the 2012 holdover proceeding nunc pro tunc. NYCHA appeals.

"Once a guardian is appointed for an incapacitated person, litigation against the incapacitated person and against the guardian as representative of the incapacitated person should not proceed without the permission of the court which appointed the guardian" (*Wright v Rickards*, 94 AD3d 874, 875 [2012]). Even when an action is commenced without leave of the guardianship court, however, the guardianship court may grant leave nunc pro tunc (*cf. id.* at 875). Here, Selfhelp had notice of the 2012 holdover proceeding and of the prior holdover proceedings, and Selfhelp was named guardian, in part, to

defend an earlier holdover proceeding. Under these circumstances, and in the absence of prejudice to Thomas J., the Supreme Court improvidently exercised its discretion in granting those branches of Selfhelp's motion which were to dismiss the 2012 holdover proceeding and to enjoin NYCHA from commencing any subsequent holdover proceeding against Thomas J. without first obtaining leave of the Supreme Court, and in denying NYCHA's application for permission to commence the 2012 holdover proceeding nunc pro tunc (cf. Wright v Rickards, 94 AD3d at 875).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Skelos, J.P., Balkin, Roman and Hinds-Radix, JJ., concur.