Terry v. County of Suffolk

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand sixteen.

PRESENT:
> **DEBRA ANN LIVINGSTON,**
> **SUSAN L. CARNEY,**
> > *Circuit Judges,*
> **TIMOTHY STANCEU,***
> > *Judge.*

_____

Henry R. Terry,

> *Plaintiff-Appellant*,

> v.                                                                    14-3886

County of Suffolk, in the State of New York, et al.,

> *Defendants-Appellees*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Henry R. Terry, pro se, Key West, Florida. |
| **FOR DEFENDANTS-APPELLEES:** | Brian S. Sokoloff, Melissa L. Holtzer, Sokoloff Stern, LLP, Carle Place, New York, *for* Victor Cruz *et al*. |
| | Mark H. Shawhan, Assistant Solicitor General, Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, New York, New |

---

* Chief Judge Timothy Stanceu, of the United States Court of International Trade, sitting by designation.

York, *for* Eric T. Schneiderman, Attorney General of the State of New York.

Keith R.M. Roussel, Winget, Spadafora & Schwartzberg, LLP, New York, New York, *for* Daniel J. Smith.

Michael A. Miranda, Miranda Sambursky Slone Sklarin Verveniotis, LLP, Mineola, New York, *for* Parents for Megan's Law Inc. and Laura Ahearn.

Appeal from an order of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Henry R. Terry, proceeding pro se, appeals the district court's order dismissing his second amended complaint.[2] Terry sued numerous defendants alleging that they had conspired against him in retaliation for his complaints that the Village of Patchogue's police force was illegal. He also contested the actions of a guardian, who was appointed by a state court for an elderly woman on whose property Terry lived. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's dismissal for failure to state a claim. *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id. at* 678.

---

[2] The district court dismissed all of Terry's claims in an October 2015 order. Because a separate document was not issued, judgment is deemed to have been entered 150 days later. Fed. R. App. P. 4(a)(7).

A.  Village of Patchogue Officials

Most of Terry's claims against the Village officials are time-barred.  *See Vega v. Hempstead Union Free Sch. Dist*., 801 F.3d 72, 79 (2d Cir. 2015) (three year statute of limitations for 42 U.S.C. § 1983 claims); N.Y. Gen. Mun. Law § 50-i(1) (One year and 90 days limitations period for claims against municipalities and their agents).  None of his timely allegations state a plausible claim for relief.

Terry alleged that these defendants initiated a guardianship proceeding, for the woman who owned the property on which Terry lived, in retaliation for his opposition to the purportedly unlawful police force.  To state a First Amendment retaliation claim in this context, Terry must allege that "he has suffered some . . . concrete harm."  *Dorsett v. Cty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013).  Terry has not done so here.

Terry also alleged that a Village official falsely reported to the police that Terry's process server was harassing the official, but Terry cannot raise a claim on his process server's behalf because non-attorneys may not "represent anyone else other than themselves." *See Berrios v. New York City Hous. Auth*., 564 F.3d 130, 132 (2d Cir. 2009) (internal quotation marks omitted).

B.  The Guardian

Terry's claims against the guardian, Daniel Smith, were properly dismissed because Terry did not obtain permission to sue Smith from the court that appointed Smith.  *See Wright v. Rickards*, 942 N.Y.S.2d 153, 154-55 (N.Y. App. Div. 2d Dep't 2012).  Moreover, Terry could not sue Smith under 42 U.S.C. § 1983 because Smith was required by Mental Hygiene Law to act in the best interests of Alice Zahnd and is not a state actor.  *Cf. Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (ruling a law guardian, appointed to represent a child in custody proceedings,

3

was not a state actor because the guardian was required to "act[] according to the best interests of the client with no obligation to the mission of the state" (internal quotation marks omitted)). While Terry contends that Smith conspired with state actors, these allegations are conclusory. *See Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity.").

C.  Other Defendants

Terry sued employees of the State of New York, the County of Suffolk, and a non-profit, Parents for Megan's Law, and its executive director.  Terry generally alleged that these defendants were aware of the unlawful police force but failed to take action.  However, he has not stated a § 1983 claim because, among other things, he "lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973). He also sought to raise a mail fraud claim, but the federal mail fraud statute does not create a private right of action.  *See Official Publications, Inc. v. Kable News Co*., 884 F.2d 664, 667 (2d Cir. 1989).

We have considered all of Terry's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4