Matter of Sammartino (2018 NY Slip Op 03900)





Matter of Sammartino


2018 NY Slip Op 03900


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Gesmer, Oing, JJ.


6718 500173/14

[*1]In re Hallie Sammartino, etc.,
Senior Quarters Operating Corp., doing business as Atria Forest Hills, Interested Party-Appellant,
v
United Guardianship Services, Appointed Guardian-Respondent.


Lewis Brisbois Bisgaard & Smith LLP, New York (Peter T. Shapiro of counsel), for appellant.



Order, Supreme Court, New York County (Laura Visitacion-Lewis, J.), entered June 6, 2017, which prohibited interested party-appellant (Atria) from discharging or transferring its resident, Daniel John DiSchino, a person in need of a guardian, without prior consent of the court, unanimously reversed, on the law and the facts, without costs, and the motion granted to the extent of remanding for proceedings consistent with this decision.
Atria, which previously terminated Mr. DiSchino's lease on grounds of nonpayment of living expenses, properly sought permission from the guardianship court before commencing a Social Services Law § 461-h proceeding against Mr. DiSchino, for whom a guardian, United Guardianship Services (UGS), had been appointed (see Wright v Rickards, 94 AD3d 874, 875 [2d Dept 2012]).
The order cautioned Atria not to discharge or transfer Mr. DiSchino without its permission, yet such permission was precisely what Atria sought with the motion. The order effectively denies permission, but because it does not explain why, it leaves Atria, which states it is suffering financial harm due to the escalating unpaid amounts, ostensibly without further recourse.
Court intervention is necessary, as UGS appears to have no incentive at this point to disturb the status quo, as its ward, Mr. DiSchino, is living without cost to him in a full-service facility. It has acknowledged the escalating debt owed to Atria, yet offers no viable solution to the problem nor seems to be exploring such solutions of its own accord. It advocates suing Ms. Sammartino, the guarantor of Mr. DiSchino's obligations under the lease with Atria, but Atria already did so, obtained a default judgment against her, and states that further proceedings have been stayed by her bankruptcy filing. Any remedies involving Ms. Sammartino, moreover, would not enable Atria to recover the premises.
In its papers below, UGS, which has not filed a brief on this appeal, did identify viable concerns should summary proceedings be commenced and resolved in Atria's favor, given the complexities associated with finding Mr. DiSchino alternative residential arrangements. However, the merits of its assertions cannot be adequately assessed on the record before us. A hearing should be held to determine their merits, as well as the accuracy of UGS's Initial Guardian Report and its description of Mr. DiSchino's assets, and to determine whether Atria may appropriately commence special proceedings under Social Services Law § 461-h.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK