Wilmington Sav. Fund Socy. v Moretta (2024 NY Slip Op 05548)

Wilmington Sav. Fund Socy. v Moretta

2024 NY Slip Op 05548

Decided on November 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 12, 2024

Before: Manzanet-Daniels, J.P., Pitt-Burke, Rosado, O'Neill Levy, Michael, JJ. 

Index No. 36267/19 Appeal No. 3011 Case No. 2023-05581 

[*1]Wilmington Savings Fund Society, etc., Plaintiff-Appellant,
v
Gracie Moretta Also Known as Gracie L. Morretta, etc., et al., Defendants-Respondents, United States of America on behalf of Internal Revenue Service, et al., Defendants.

Fein, Such & Crane, LLP, Rochester (Michael S. Hanusek of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondents.

Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about June 2, 2023, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the foreclosure action on the ground that the mortgage at issue was void, unanimously affirmed, without costs.
This is an action to foreclose a mortgage currently held by plaintiff, executed on June 22, 2007, in the amount of $275,000, given by Grecia Moretta, now deceased, and her daughter, defendant Gracie Moretta. The subject mortgage encumbers real property, owned solely by Gracie. Gracie acquired the property by deed dated November 7, 1991, recorded on November 22, 1991, in Bronx County.
In 1990, Gracie was found to be intellectually disabled pursuant to Surrogate's Court Procedure Act (SCPA) Article 17-A, by a decree of the Surrogate's Court. After Grecia's death, defendant Matthew Moretta was appointed as successor guardian of Gracie's person and property.
In 2006, Gracie refinanced the property by giving a mortgage in the amount of $195,000 to nonparty JP Morgan Chase Bank National Association. On June 22, 2007, Grecia and Gracie executed the mortgage at issue, reflecting a debt of $275,000, proceeds of which were used to satisfy the $195,000 mortgage from JP Morgan Chase Bank. The mortgage eventually was assigned to plaintiff, who, in this foreclosure action, alleges that the mortgage has been in default since October 1, 2018.
The court properly dismissed the action on the grounds that the mortgage was void, as Gracie had been adjudicated intellectually disabled in 1990, long before she executed the mortgage in 2007 (see Carter v Beckwith, 128 NY 312, 316 [1891]; Home Owners Loan Corp. v Jones, 165 Misc 547, 548 [Sup Ct, Westchester County 1937]; see 6 Warren's Weed New York Real Property § 66.07[4], 5th ed). Plaintiff cites no authority requiring proof that it knew of Gracie's incompetency, at the time of the mortgage or otherwise, prior to dismissal of the action.
Plaintiff did not seek permission from the Surrogate's Court to commence the action, as required, nor was permission granted (see Wright v Rickards, 94 AD3d 874, 875 [2d Dept 2012]). While leave to sue may be granted nunc pro tunc, plaintiff did not request that relief, nor was it warranted (see id.).
The court properly rejected plaintiff's claim that equitable subrogation applies to the extent its loan proceeds were used to pay off the JP Morgan Chase Bank mortgage because that earlier mortgage to JP Morgan Chase Bank was also executed by Gracie after she was adjudicated intellectually disabled; thus, it was void for the same reasons as the mortgage at issue. The cases plaintiff relies upon involve mortgages which could be equitably subrogated to a mortgage that was valid when executed (e.g. Arbor Commercial Mtge., LLC v Associates at the Palm, LLC, 95 AD3d 1147 [2d Dept 2012]; Elwood v Hoffman, 61 AD3d 1073 [3d Dept 2009]).
Plaintiff contends that the mortgage was ratified by [*2]Gracie's guardian, Matthew, who paid $14,773.21, toward the loan secured by the mortgage, on Gracie's behalf; however, plaintiff's authority on this issue does not address intellectually disabled individuals nor the intended protections of Surrogate's Court Procedure Act art. 17-A, which governs such individuals. As the motion court noted, to recognize ratification here would allow Matthew's single act, without court approval, to encumber the real property of an intellectually disabled person, to her detriment.
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2024